McKenna vs. Van Blarcom and another.

McKenna, Respondent, vs. Van Blarcom, Administrator, and another, imp., Appellants.

*February 2 — February 26, 1901.*

*Judgments: Docketing: Priority of liens: Tacking: Attorneys at law: Purchase of mortgage.*

1. Under secs. 2899, 2902, R. S. 1878, if a judgment against the mortgagor did not appear upon the judgment docket at the time a mortgage was executed and recorded, the lien of the mortgage was prior to that of such judgment, even though the latter had been filed in the office of the clerk and some entries relating to it had been made in the court records.

2. After the expiration of the lien of a judgment the judgment creditor cannot, by obtaining and docketing a new judgment, tack the two and thus make a continuous lien having priority over other liens existing at the time of such expiration.

3. An attorney at law is not, merely by reason of his position as an officer of the court, precluded from purchasing a mortgage with the intention of foreclosing it.

Appeal from a judgment of the circuit court for Fond du Lac county: Michael Kirwan, Circuit Judge. *Affirmed.*

Action to foreclose a mortgage executed by James H. Gibson to J. S. Rowell, Sons & Co., dated December 31, 1878, and which was assigned to plaintiff. Gibson is dead, and this action is brought against his heirs and administra-

tor, and also the *Johnston Harvester Company*, alleged to be a subsequent lienor. The chief controversy arises over the answers of the administrator and last-named defendant. After sundry denials their answers, by way of counterclaim, alleged that the mortgage in question was executed by Gibson for the purpose of defrauding his creditors, and especially the defendant *Johnston Harvester Company;* that said last-named defendant obtained a judgment in the county court of Fond du Lac county against Gibson on October 19, 1878; and that said mortgagee took said mortgage with knowledge of said judgment, and in accordance with a conspiracy to defeat said claim. It was also alleged that said mortgage was given to settle a criminal prosecution and to compound a felony; that plaintiff, who is an attorney, was the counsel for the heirs of Gibson, for the purpose of compromising said *Johnston Harvester Company* judgment, and, failing to do so, purchased said mortgage many years after due, with full knowledge of its rights, and for the purpose of cheating and defrauding said defendant of its just claim. Other facts were alleged, which will be noticed in the opinion.

The court found the issue wholly in favor of the plaintiff, and directed a judgment of foreclosure and sale. The contesting defendants have taken this appeal from said judgment.

For the appellants there was a brief by *Duffy & McCrory*, and oral argument by *J. H. McCrory*.

*Edward S. Bragg*, of counsel, for the respondent.

BARDEEN, J. It developed from the evidence offered by the defendants that the *Johnston Harvester Company* obtained a judgment against the mortgagor, Gibson, in the county court of Fond du Lac county, on the 19th day of October, 1878. This judgment was not docketed in the office of the clerk of the circuit court until the 21st day of

McKenna vs. Van Blarcom and another.

February, 1879. In the meantime, and on December 31, 1878, Gibson executed the mortgage in suit to secure a *bona fide* debt to J. S. Rowell, Sons & Co. It also appears from the evidence that the county court judgment was filed in the office of the clerk of the circuit court, and some entries were made in the court records relating to the same, on October 19, 1878, but it was not docketed as the statute requires until the date above mentioned. It is argued by defendants that, if the mortgagee had made search of the records in the clerk's office, its representatives would have found the defendant's judgment; and if they knew of its rendition, or could have discovered it by diligent inquiry, the omission of the clerk to docket it will afford them no protection against the lien thereof subsequently perfected. Such is not the law. Secs. 2899, 2902, R. S. 1878, provide for the docketing of judgments in a book especially prepared for that purpose, and that when so docketed they shall be liens upon the real property of the defendant "for a period expiring ten years from the date of the rendition thereof." No statute requires a party seeking for judgment liens to examine all the records in the clerk's office, and no principle of law of which we are aware imposes any such diligence. If the judgment docket shows a clear record, the party need seek no farther. When the mortgage in suit was executed and recorded the judgment docket failed to disclose that the *Johnston Harvester Company* had a lien upon the property covered by it. Such being the fact, the mortgage became the first lien, and must prevail over the lien sought to be set up by the defendants.

But, should the law be conceded to be as claimed by defendants, there is another reason why the lien of defendants' judgment must be postponed to that of the mortgage. The judgment was rendered on October 19, 1878. By sec. 2902, the lien thereof expired ten years from the date of rendition, or October 19, 1888. The fact that the judgment

McKenna vs. Van Blarcom and another.

creditor, after the expiration of such lien, sued upon said judgment and obtained a new one, which was afterwards docketed, does not allow him to tack the two and thus make a continuous lien. There was a period of several months between the expiration of the old lien and the inception of the new one, during which any other lien upon the property would attach and become superior to the lien of the new judgment afterwards acquired.

It is further urged that, as plaintiff is an attorney, he could not purchase the mortgage in suit and enforce it, and that he did not purchase in good faith and in the usual course of trade. Upon the question of good faith the evidence is all one way, and amply supports the trial court's conclusions in favor of plaintiff. The fact that George Gibson, one of the defendants, acted as plaintiff's agent in the purchase of the mortgage, is of no consequence. The reason he was sent to the mortgagee to open negotiations was that it was believed that he could obtain better terms than the plaintiff could. The plaintiff testified that he purchased the mortgage as a matter of business, and paid for it with his own money, without any understanding with others, and frankly stated that he intended to foreclose it if not paid. The assertion that he was disqualified from making such purchase because he was an attorney finds no support in the law of this state. It is only where questions of champerty or maintenance arise that such disqualification exists. *Miles v. Mut. R. F. L. Asso.* 108 Wis. 421. The only authority cited to support the defendants' contention is from New York, where they have an express statute on the subject. See *Browning v. Marvin,* 100 N. Y. 144. The disability of the attorney arises where some duty or obligation to his client is involved, and the courts are strict in enforcing a rigid adherence to such duty and a complete recognition of such obligations. The facts in this case fail to disclose any violation of duty or any such transaction as would bring it within the condemnation of the law.

*By the Court.*— The judgment is affirmed.