OPEN PANTRY FOOD MARTS OF SOUTHEASTERN WISCONSIN, INC., Plaintiff-Respondent, v. FALCONE, Defendant-Appellant.†

Court of Appeals

*No. 79–098. Submitted on briefs September 13, 1979.—Decided October 16, 1979.*
(Also reported in 286 N.W.2d 149.)

† Petition to review denied.

For the appellant, a brief was submitted by *Mary L. Sfasciotti* of Kenosha.

For the respondent, a brief was submitted by *Robert P. Goodman* of *Goodman & Michelson* of Racine.

Before Voss, P.J., Brown and Cannon, J.J.

BROWN, J. This is an appeal from a judgment dismissing that part of defendant's counterclaim alleging damages resulting from violations of the Wisconsin Antitrust Law. The trial court reasoned the antitrust claim was barred by sec. 893.21(1), Stats.,[1] which establishes a period of two years for the commencement of actions for statutory penalties. The sole issue is whether the antitrust claim was subject to the two year statute of limitations or a six year statute of limitations under sec. 133.23, Stats. The answer to the question demands statutory construction of each. That analysis has not been previously made in our state courts.

The facts necessary to the determination of the issue show that Open Pantry and Falcone entered into an agreement on December 18, 1967, whereby Falcone agreed to operate a grocery store in premises leased to him by Open Pantry. Falcone was to use the Open Pantry name and pay franchise fees for its use. In February 1970, Falcone moved out of the grocery store and

---

[1] 893.21 Within 2 years. Within 2 years:

(1) An action by a private party upon a statute penalty or forfeiture when the action is given to the party prosecuting therefor and the state, except when the statute imposing it provides a different limitation.

terminated his association with Open Pantry. Open Pantry then sued for franchise fees, rent and other debts allegedly due. Falcone responded with an answer and counterclaim, but it was not until his fourth amended counterclaim of June 4, 1973 that a claim was alleged for damages resulting from the Wisconsin Antitrust Law. Falcone asked for recovery of all payments directly made to Open Pantry, which payments were denominated in the franchise agreement. In addition, Falcone asked for a return of all rent paid to Open Pantry. Further, he demanded that Open Pantry repay him for the transfer of a retail class "A" license to sell fermented malt beverages. Also, he demanded that Open Pantry pay him for the debts he incurred in order to run his business. In 1977, Falcone amended his counterclaims for the fifth time. The damages claimed were the same as that of June 4, 1973 except that Falcone asked for treble damages pursuant to sec. 133.01, Stats. We will decide which of his various claims are barred by the two year statute of limitations and which fall under the six year statute of limitations.

SECTION 893.21 (1)
THE TWO YEAR STATUTE OF LIMITATIONS

Section 133.01, Stats., the Wisconsin Antitrust Law, is intended as a reenactment of the first two sections of the Sherman Antitrust Act but applicable to intrastate transactions. *City of Madison v. Hyland, Hall & Co.*, 73 Wis.2d 364, 375, 243 N.W.2d 422 (1976). Section 133.01, Stats., gives any person the right to sue for treble damages. The applicable provision, sec. 133.01, Stats., sets out the penalties for those in violation of the act:

Any such person, corporation, company, partnership, trustee or association shall also be liable to any person

transacting or doing business in this state for threefold the damages he may sustain by reason of the doing of anything forbidden by this section and the cost of suit including a reasonable attorney's fee.

The substantive purpose of sec. 133.01, Stats., is to punish the offender by allowing treble damages. Therefore, it is a punitive statute. *State ex rel. Nordell v. Kinney,* 62 Wis.2d 558, 562, 215 N.W.2d 405 (1974). It is also remedial because it seeks to preserve our free enterprise system. *City of Madison, supra,* at 373, 243 N.W. 2d at 427. We find that when an injured party makes a claim by using language within the verbal frame of sec. 133.01, Stats., he is suing under the punitive-remedial portion of the antitrust statute.

When a person sues under the punitive-remedial portion of the antitrust statute, he is suing for damages that are exclusively statutory. *City of Madison, supra,* at 388, 243 N.W.2d at 434. The injured party, when suing under this statute, is not limited to damages for breach of contract nor is he limited to mere recovery of what he has paid into the contract. As was stated in *City of Madison, supra,* at 388–89, 243 N.W.2d at 435, "the injured party is entitled to receive not only the excess beyond the market price, which is the starting point under the treble damages law, but is also entitled to recoup the amount he would have been obligated to pay had not the contract price been fixed as a result of the illegal collusion."

Since this is a suit which is punitive-remedial in nature and since it is a statutorily created penalty, we conclude that sec. 893.21(1), Stats., is the applicable statute of limitations for such an action. A similar result was reached in *Grengs v. Twentieth Century Fox Film Corporation,* 232 F.2d 325, 329 (7th Cir. 1956). In *Grengs,*

the seventh circuit court of appeals held that suits for treble damages under the Wisconsin Antitrust Law are subject to the two year limitations because they are suits by private parties upon a statutory penalty.

Therefore, to the extent that the June 4, 1973 counterclaim is a claim for damages multiplied by three, the defendant is asserting the punitive-remedial claim for relief, and the claim is barred by the two year statute of limitations.

## SECTION 133.23
## THE SIX YEAR STATUTE OF LIMITATIONS

Section 133.23 provides a distinct remedy for recovery of contract payments. *City of Madison, supra,* at 387, 243 N.W.2d at 434. The pertinent provision is as follows:

Any payments made upon, under or pursuant to such contract or agreement to or for the benefit of such person, may be recovered in an action by the party making any such payment, his heirs, personal representatives or assigns; provided that suit for such recovery is brought within 6 years after the making of said contract or agreement.

This is a different type of claim than the punitive-remedial claim of sec. 133.01, Stats. This claim is limited to the return of what was paid by the injured party upon the illegal contract and that contract alone. The substantive purpose of sec. 133.23 has previously been held to allow recoupment of the contract payment by the injured party. *City of Madison, supra,* at 364, 387, 243 N.W.2d at 434. The statute is remedial in nature. It is not punitive and, therefore, is not a "statute penalty." A statute which is punitive in nature is designed to encourage private enforcement of the statute. *John Mohr & Sons, Inc. v. Jahnke,* 55 Wis.2d 402, 411, 198 N.W.2d 363, 368 (1972). A statute which allows recoupment on

a contract, however, is only intended as a cure to the injured party for payments made under an invalid contract. It is not a supplement to the government enforcement apparatus. Section 133.23, Stats., cannot be used, in this case, to award damages for lost rent, repayment for funds paid as a result of debts to financial institutions, repayment for salaries paid to employees, or repayment of fees paid for a license to sell fermented malt beverages. These are matters which are outside the instant contract. To the extent that the pleadings request only recovery of monies paid on a contract said to be in restraint of trade, the six year statute of limitations applies.

## THE PLEADINGS IN THIS LAWSUIT

The June 4, 1973 amended counterclaim asks not only for recoupment of the franchise fees but also for other damages. For instance, Falcone asks for recoupment of rental payments, but the lease agreement is in no way connected with the franchise agreement. The franchise agreement makes no demand that Falcone sign a lease with Open Pantry for rental property. The lease payments, therefore, cannot be said to have been made "upon, under or pursuant" to the franchise agreement. Additionally, Falcone seeks damages for debts incurred to financial institutions. The franchise agreement does not dictate that Falcone enter into debt obligations with financial institutions. As such, the obligations cannot be considered as claims for recovery under the franchise agreement. These claims come under the more far reaching statute allowing for relief of "actual damages multiplied by three" under sec. 133.01, Stats. Section 133.01 claims, as we stated above, are barred by the two year statute of limitations. Payments made for a class "A"

license to sell fermented malt beverages and claims made by Falcone for repayment of the time he spent in conducting the business of the franchise also fall under the "actual damages multiplied by three" claim.

We, therefore, hold that Falcone's counterclaim for his initial franchise fee, his building service fee, his inventory deposit and his monthly franchise fee of 4% of the gross sales are not barred by the two year statute of limitations because they seek recovery for payments made under the franchise agreement itself and are subject to the six year statute of limitations. Since the June 4, 1973 counterclaim is within the six year statute of limitations, that part of the judgment which would bar those claims is reversed. All other claims made by Falcone including the treble damages are barred by the two year statute of limitations, and the trial court's judgment is affirmed as to the other claims.

Our decision does not hold that if a party begins an action well within the two year statute of limitations, he can ask for recoupment as part of the treble damages to be awarded under sec. 133.01, Stats., and then in a separate claim ask for recoupment on the contract under sec. 133.23, Stats. Such a holding would impose a double recovery for recoupment. As such, the question of whether the legislature intended that there be a double penalty would have to be decided. This question is not before us under the facts of the case, and we decline to resolve it for that reason. We point out, however, that it has been discussed in *dicta* by the supreme court in *City of Madison v. Hyland, Hall & Co., supra,* at 388–89, 243 N.W.2d at 434–35.

*By the Court.*—Judgment affirmed in part, reversed in part, and remanded.