SOUTH MILWAUKEE SAVINGS BANK, Plaintiff-Appellant,

v.

John BARRETT, in his official capacity as Clerk of Courts, unknown Clerk of Courts Docketing Clerk and Rod Lanser, Defendants-Respondents-Petitioners.

Supreme Court

*No. 97–3759. Oral argument April 5, 2000.—Decided June 9, 2000.*

2000 WI 48

(Also reported in 611 N.W.2d 448.)

735

For the defendants-respondents-petitioners there were briefs by *Mark A. Grady*, principal assistant corporation counsel, and oral argument by *Mark A. Grady*.

For the plaintiff-appellant there was a brief by *Mark E. Sostarich* and *Petrie & Stocking, S.C.*, Milwaukee, and oral argument by *Mark E. Sostarich*.

An amicus curiae brief was filed by *William C. Niemann, Richard P. Carr, Beth Ermatinger Hanan*, and *Reinhart, Boerner, Van Deuren, Norris & Rieselbach, S.C.*, Milwaukee, on behalf of the Wisconsin Counties Association.

¶ 1. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE. This is a review of a published decision of the court of appeals, *South Milwaukee Savings Bank v. Barczak*, 229 Wis. 2d 521, 600 N.W.2d 205 (Ct.App. 1999), which reversed the summary judgment granted in favor of the clerk of circuit court by the Circuit Court for Milwaukee County, Lee E. Wells, Judge.[1]

---

[1] The clerk of circuit court at the time this matter arose was Gary J. Barczak. John Barrett was the successor clerk, and his name was substituted in the caption.

736

¶ 2.    Two issues are presented in the case at bar: First, which of the following two statutes applies to a claim brought under Wis. Stat. § 806.10(3) against a clerk of circuit court, alleging that the clerk neglected to docket a judgment at the proper time: Wis. Stat. § 893.93(1)(a) (1995–96),[2] a six-year statute of limitations, or Wis. Stat. § 893.93(2)(a), a two-year statute of limitations?

¶ 3.    Second, did the Milwaukee county office of the clerk of circuit court neglect to docket a judgment "at the proper time," subjecting itself to liability under Wis. Stat. § 806.10(3), when it docketed the judgment at 9:01 a.m. on September 27, 1994, after entering the judgment at approximately 3:30 p.m. on September 26, 1994?

¶ 4.    We hold that the six-year statute of limitations (Wis. Stat. § 893.93(1)(a)) governs actions against the clerk of circuit court under Wis. Stat. § 806.10(3). We further hold that to neglect to docket a judgment "at the proper time" means to neglect to docket the judgment immediately upon entry of the judgment. This court concludes that South Milwaukee Savings Bank's cause of action is not barred by the statute of limitations and that the office of the clerk of circuit court violated § 806.10(3) when it neglected to docket the judgment at the proper time. Therefore, this court affirms the decision of the court of appeals, reversing the judgment of the circuit court and remanding the cause to the circuit court. The court of appeals directed the circuit court on remand to enter a partial summary

---

[2] Subsequent references are to the 1995–96 volumes of the Wisconsin Statutes unless otherwise stated.

In 1997, the legislature amended Wis. Stat. § 806.10(3) to remove the treble damages provision. *See* Wis. Stat. § 806.10(3) (1997–98); 1997 Wis. Act 27, § 5175m.

judgment for South Milwaukee Savings Bank (the Bank). We clarify the directions on remand to direct the circuit court to determine whether the violation of Wis. Stat. § 806.10(3) by the office of the clerk of circuit court caused damage to the Bank and, if so, to calculate the amount of the damages.

## I

¶ 5. For purposes of determining the issues before us a simple statement of the facts suffices. A more complete statement of the facts appears in the opinion of the court of appeals. For ease in reading the facts, we note the following:

¶ 6. A judgment is entered "when it is filed in the office of the clerk of court."[3]

¶ 7. A judgment is docketed when the clerk places the information about the judgment in the judgment docket.[4]

¶ 8. When a judgment is docketed it becomes a lien on the real property owned by the judgment debtor.[5]

¶ 9. On September 26, 1994, the Bank delivered its judgment against the debtor to the office of the Milwaukee clerk of circuit court with the applicable docketing fees. The judgment was entered by the clerk's office at approximately 3:30 p.m. on September 26, 1994.

¶ 10. The clerk's office did not, however, docket the judgment at the time of entry or at any time during

---

[3] See Wis. Stat. § 806.06(1)(b).

[4] See Wis. Stat. § 806.10(1). Wisconsin Stat. § 59.40(2)(e) provides that "a clerk of circuit court shall. . .[k]eep a judgment and lien docket of all money judgments of the court. . . ." See also Wis. Stat. § 779.07.

[5] See Wis. Stat. § 806.15(1).

738

September 26, 1994, even though the clerk's office was open until 5:00 p.m. that day. The clerk's office docketed the judgment at 9:01 a.m. on September 27, 1994.

¶ 11. In September 1994, docketing was done manually in the Milwaukee clerk's office, and the clerk's office docketed judgments only at various times during the day. On September 26, 1994, the clerk's office began docketing judgments at 11:20 a.m. and ceased docketing judgments at 3:20 p.m., a few minutes before the Bank's judgment was entered.[6]

¶ 12. At 4:32 p.m. on September 26, 1994, after the entry of the judgment in favor of the Bank but before the docketing of the judgment, a deed from the judgment debtor allegedly conveying the property to the judgment debtor's wife was recorded in the office of the register of deeds. In determining priority of interests in real estate, including judgment liens, Wisconsin is a "race-notice" state. According to Wis. Stat. § 706.08(1)(a), "every conveyance. . .which is not recorded as provided by law shall be void as against any subsequent purchaser in good faith and for a valuable consideration. . .whose conveyance shall first be duly recorded."

¶ 13. The Bank and the judgment debtor's wife entered into a stipulation and a judgment on May 15, 1995, clarifying that the Bank's September 1994 judgment was applicable to the debtor's wife.

¶ 14. The judgment debtor's wife then mortgaged the property to the Wauwatosa Savings Bank. In yet another lawsuit, the Wauwatosa Savings Bank was declared a good faith purchaser whose mortgage lien

---

[6] The record and oral arguments reveal that docketing has been computerized in most Wisconsin counties and thus now occurs simultaneously with the entering of the judgment.

had priority over the Bank's September 1994 judgment lien.

¶ 15.   On March 12, 1997, the Bank brought this action against the clerk of circuit court, claiming that it was unable to collect on its 1994 judgment and seeking treble damages pursuant to Wis. Stat. § 806.10(3). The Bank asserts that the office of the clerk of circuit court neglected to docket the judgment "at the proper time." Wis. Stat. § 806.10(3) provided, at the time of this action, as follows:

> (3)   Every clerk of circuit court who dockets a judgment or decree and enters upon the judgment and lien docket a date or time other than that of its actual entry or neglects to docket the same *at the proper time* shall be liable in treble damages to the party injured (emphasis added).

¶ 16.   The circuit court granted summary judgment to the clerk of circuit court, holding that the two-year statute of limitations, Wis. Stat. § 893.93(2)(a), barred the claim of South Milwaukee Savings Bank. The circuit court also ruled that Wis. Stat. § 806.10(3) requires a clerk of circuit court to docket a judgment within a reasonable time and that the judgment in this case was docketed within a reasonable time.

¶ 17.   The court of appeals reversed the judgment of the circuit court, directing the circuit court to enter a partial summary judgment for the Bank. It concluded that the Bank's claim was governed by the six-year statute of limitations. The court of appeals did not decide how Wis. Stat. § 806.10(3) should be interpreted. Instead the court of appeals held that even if the statute allows the clerk of circuit court to docket a judgment as soon as practicable or within a reasonable time, as opposed to immediately upon entry of the judg-

ment, the judgment was not, as a matter of law, timely docketed in this case.

## II

¶ 18. The first issue this court must address is whether the Bank's action against the clerk of circuit court was filed timely.[7] Determining the applicable statute of limitations is a question of law that this court decides independently of the circuit court and the court of appeals, benefiting from their analyses. *See Ghashiyah v. Prudential Ins. Co. of America*, 198 Wis. 2d 699, 702, 543 N.W.2d 538 (Ct. App. 1995).

¶ 19. The clerk argues that Wis. Stat. § 893.93(2)(a), the two-year statute of limitations on actions "by a private party upon a statute penalty," bars the Bank's action to recover treble damages under Wis. Stat. § 806.10(3). Section 893.93(2)(a) provided:

> (2) The following actions shall be commenced within 2 years after the cause of action accrues or be barred:
>
> (a) An action by a private party upon a statute penalty, or forfeiture when the action is given to the party prosecuting therefor and the state, except when the statute imposing it provides a different limitation.

¶ 20. The Bank contends that its claim is governed by Wis. Stat. § 893.93(1)(a), the six-year statute of limitations for an "action upon a liability created by statute when a different limitation is not prescribed by law." Section 893.93(1)(a) provided as follows:

---

[7] The Bank filed the appropriate notices of claim pursuant to Wis. Stat. § 893.80 before initiating suit.

741

(1) The following actions shall be commenced within 6 years after the cause of action accrues or be barred:

(a) An action upon a liability created by statute when a different limitation is not prescribed by law.

¶ 21. Counsel for the clerk compares a violation of Wis. Stat. § 806.10(3) with a violation of the state antitrust law, Wis. Stat. § 133.01 *et seq.*, which also imposes treble damages. *See* Wis. Stat. § 133.18. The two-year statute applies to antitrust actions. *Open Pantry Food Marts v. Falcone*, 92 Wis. 2d 807, 811–12, 286 N.W.2d 149 (Ct. App. 1979).

¶ 22. The comparison presented by counsel for the clerk ultimately fails, however, because as the court of appeals explains, the comparison does not take into account the analysis set forth in *Erdman v. Jovoco, Inc.*, 181 Wis. 2d 736, 512 N.W.2d 487 (1994). In *Jovoco*, the court distinguished claims for violations of antitrust laws from a claim for violations of a wage statute, Wis. Stat. § 103.455 (1991–92), and determined that the six-year statute of limitations applies to claims for violations of the wage statute.

¶ 23. Adhering to the analysis set forth in *Jovoco*, we conclude, as did the court of appeals, that insufficient similarities exist between Wis. Stat. § 806.10(3) and the Wisconsin antitrust law to apply the two-year statute of limitations that governs antitrust lawsuits. The court of appeals concluded that § 806.10(3), like the wage statute in *Jovoco*, "provides an individual remedy for damages to an individual party caused by acts and omissions of the clerk's office, thus leading to the application of the six-year statute of limitations." *Barczak*, 229 Wis. 2d at 535. Furthermore, the court of appeals concluded that "[a]bsent a clear legislative mandate, case law instructs that the two-year statute

of limitations must be narrowly construed in favor of plaintiffs to avoid extinguishing otherwise meritorious claims." *Barczak*, 229 Wis. 2d at 535.

¶ 24.  We agree with the analysis and reasoning of the court of appeals in holding that the six-year statute of limitations applies in the present case, and we adopt Part II.A of the opinion of the court of appeals relating to the statute of limitations issue as our own. *Barczak*, 229 Wis. 2d at 531–36. Accordingly, we conclude that the Bank's action was filed timely under Wis. Stat. § 893.93(1)(a), the six-year statute of limitations.

### III

¶ 25.  We turn now to the question of whether the clerk's office neglected to docket the 1994 judgment "at the proper time" under Wis. Stat. § 806.10(3), which provided:

(3)  Every clerk of circuit court who enters a judgment or decree and enters upon the judgment and lien docket a date or time other than that of its actual entry or neglects to enter the same *at the proper time* shall be liable in treble damages to the party injured (emphasis added).

¶ 26.  The parties disagree about the meaning of the words "at the proper time" in Wis. Stat. § 806.10(3). Interpretation of a statute is a question of law that this court determines independently of the circuit court and the court of appeals, benefiting from their analyses.

¶ 27.  The clerk contends that docketing a judgment "at the proper time" means docketing it "within a

743

reasonable time" or "as soon as practicable." We conclude that docketing a judgment "at the proper time" means docketing it immediately upon entry of judgment. We reach this conclusion for several reasons.

¶ 28.  First, our reading of Wis. Stat. § 806.10(3) fits with the language of § 806.10(1). Subsection (1) of Wis. Stat. § 806.10 provides in pertinent part that "[a]t the time of entry of a judgment. . .the clerk of circuit court shall enter the judgment in the judgment and lien docket. . . ." Wisconsin Stat. § 806.10(1) thus contemplates that the docketing of a judgment is contemporaneous with the entry of the judgment:

> 806.10  Judgment and lien docket. (1) At the time of entry of a judgment directing in whole or in part the payment of money, or a judgment naming a spouse under s. 806.15(4), and upon payment of the fee prescribed in s. 814.61(5)(b), the clerk of circuit court shall enter the judgment in the judgment and lien docket, arranged alphabetically. . . .

¶ 29.  Our reading of Wis. Stat. § 806.10(1) is consistent with a 1992 amendment to that statute. 1991 Wis. Act 134, § 3. In 1992 the legislature amended § 806.10(1) to add the words "and upon payment of the fee" so that subsection (1) would read that "at the time of entry of a judgment. . .*and upon payment of the fee*. . .the clerk shall enter [the judgment] in a judgment docket" (emphasis added). A note to the 1992 amendment states that "the amendment conforms the statute to the opinion of the attorney general in OAG 10–90 that clerks have the discretion to defer docketing [of the judgment] until the fee is paid."[8]

---

[8] The Note to 1991 Wis. Act 134, § 3, states in full:

This amendment clarifies that the clerk of circuit court has discretion to defer the docketing of a judgment until the prescribed

¶ 30.  The attorney general explained that Wis. Stat. § 806.10(1) "requires the clerk to docket a judgment at the time of entry," 79 Wis. Op. Att'y Gen. 55 (1990) (OAG 10–90), and that "[f]iling the judgment and docketing it, though two separate activities, are to occur at the same time." 79 Wis. Op. Att'y Gen. at 57. *See also* 79 Wis. Op. Att'y Gen. at 60. Nevertheless, the attorney general concluded on the basis of other statutes expressly providing for fees that the clerk of circuit court had the discretion to delay docketing a judgment until the fee was paid.

¶ 31.  In light of the legislature's stated purpose to conform Wis. Stat. § 806.10(1) to the attorney general's opinion, we conclude that the legislature agreed with the attorney general that § 806.10(1) requires "the clerk to docket a judgment at the time of entry" but that other statutes grant the clerk of circuit court discretion to defer docketing until the fee is paid.

¶ 32.  In sum, when Wis. Stat. § 806.10(1) is read with Wis. Stat. § 806.10(3), it is clear that docketing a judgment "at the proper time" means docketing it immediately upon entry of the judgment.[9]

---

docketing fee is paid. The absence of an explicit fee requirement in s. 806.10(1)(intro.), stats., previously gave rise to questions about the clerk's authority to withhold docketing until payment of the fee. The amendment conforms the statute to the opinion of the attorney general in OAG 10–90 that clerks have the discretion to defer docketing until the fee is paid. The attorney general added, however, that the deferral discretion is limited by a duty to make a reasonable effort to make the fee-prepayment requirement known to the party submitting the judgment for docketing.

[9] The clerk's brief and the Wisconsin Counties Association non-party brief argue that clerks of circuit court have discretion in performing their duties and that our interpretation of Wis. Stat. § 806.10(3) is inconsistent with this discretion. In

745

¶ 33.   Second, the legislative history of Wis. Stat. § 806.10(3) also demonstrates that the legislature intended a clerk to docket a judgment immediately upon entry of the judgment. Wisconsin Stat. § 806.10(3) can be traced to § 18, ch. 102, Rev. Stat. 1849, that made clerks liable for a $250 forfeiture and damages if they neglected to docket a judgment "as soon as practicable."[10]

¶ 34.   Thirty-six years later, the legislature in 1885 enacted another statute governing the liability of a clerk who neglects to docket a judgment timely. The 1885 law made clerks liable for treble damages if they neglected to docket a judgment "at the proper time."[11] The 1885 law was the genesis of Wis. Stat. § 806.10(3).

---

*Granado v. Sentry Ins. Co*, 228 Wis. 2d 794, 599 N.W.2d 62 (Ct.App. 1999), the court of appeals recognized that "[a]s elected officials, clerks are entitled to exercise some discretion in the performance of their duties." At the same time, the court of appeals acknowledged that the legislature can and does limit the clerks' discretion. *Granado*, 228 Wis. 2d at 800–801. Wisconsin Stat. § 806.10 expressly limits a clerk's discretion regarding the time for docketing judgments.

[10] "Every clerk who shall neglect to docket any judgment *as soon as practicable*, shall forfeit to the party aggrieved two hundred and fifty dollars, in addition to all damages which such party may have sustained by such omission or neglect." Section 18, ch. 102, Rev. Stat. 1849 (emphasis added).

[11] "No judgment or decree affecting real estate, which shall be docketed and dated back to a time prior to its actual entry in the judgment docket, shall be a lien upon real estate or notice to a purchaser for value. Every clerk who shall docket a judgment or decree with a date or time other than the date and time of its actual entry, or shall neglect to docket the same *at the proper time*, shall be liable to the party injured in treble damages." Section 2, ch. 200, Laws of 1885 (emphasis added).

Furthermore, § 1 of the 1885 law provided that the entry of a judgment immediately precedes the docketing of the judgment.[12]

¶ 35. Both the 1849 and 1885 laws imposed liability on a clerk who neglects to docket a judgment timely, but the laws provided significantly different penalties. The 1885 law did not, however, expressly repeal the 1849 law. In the revised statutes of 1889, the 1849 law was codified as § 2905 and the 1885 law as the immediately following § 2905a.

¶ 36. The 1849 and 1885 laws, similar in scope and apparent purpose, existed on the books together for some 13 years—the former statute imposing liability for damages for failure to docket "as soon as practicable," with the latter requiring docketing at "the proper time" and imposing treble damages. In 1898, however, the revisors eliminated the 1849 law and retained only the 1885 law subjecting a clerk to treble damages when the clerk neglects to docket a judgment "at the proper time."[13] When the revisors completed their work, the legislature adopted the entire revisors' bill as the revised statutes of 1898.[14]

---

[12] "It shall be the duty of every clerk of a court of record. . .to keep as part of the records of such court, a daily journal or book, in which every judgment or decree affecting real estate shall, *at the proper time, be entered by him immediately before such judgment or decree shall be docketed. After the entry of such judgment or decree affecting real estate in the daily journal, the clerk shall, at once, docket the same,* as now provided by law." Section 1, ch. 200, Laws of 1885 (emphasis added).

[13] *See* § 2905, 1898 Annot. Stat. The notes to § 2905, 1898 Annot. Stat., show that the sources of that provision are both § 18, ch. 102, 1849 Rev. Stat., and ch. 200, Laws of 1885.

[14] Chapter 381, Laws of 1897.

¶ 37. We agree with counsel for the clerk in the present case, who argues that a revisor's bill ordinarily does not result in a change in the meaning of the statutes revised.[15] Relying on this general rule, counsel reasons that imposing liability on a clerk who neglects to docket a judgment "at the proper time" (the 1885 law) must be interpreted as the equivalent of imposing liability on a clerk who neglects to docket a judgment "as soon as practicable" (the 1849 law).

¶ 38. The revisors for the 1898 revised statutes were empowered to correct errors, harmonize discrepancies and add provisions to carry out the general design and spirit of the statutes. The revisors explained that one of their aims was to eliminate laws that were inappropriate and to improve the language to fulfill the purposes the legislature sought to accomplish. The revisors also acknowledged that their task was made more difficult because the legislature had enacted many laws without considering their relation to or effect on other laws, resulting in the revisors encountering conflicting and overlapping provisions and uncertainty as to the state of the law.[16]

¶ 39. A better explanation for the revisors' having included only the 1885 law in the 1898 revised statutes than the one offered by counsel for the clerk is that the revisors determined that the 1849 and 1885 laws were overlapping and inconsistent and that the

---

[15] See Wisconsin Power & Light Co. v. Beloit, 215 Wis. 439, 447, 254 N.W. 119 (1934); Oconto County v. Town of Townsend, 210 Wis. 85, 96, 244 N.W. 761 (1932); Kugler v. Milwaukee, 208 Wis. 251, 255, 252 N.W. 481 (1932).

[16] See § 2, ch. 306, Laws of 1895, and the revisors' preface to the 1898 Annotated Statutes and Senate Bill 33, 1897 Legislature (which was enacted into law).

later law prevailed over the earlier inconsistent law.[17] We conclude that the legislative history evidences a legislative intent that the 1885 law supersede the 1849 law and that the legislature did not intend for the words "at the proper time" in the 1885 law to be governed by the "as soon as practicable" language appearing in the 1849 law.

¶ 40. The third justification for our reading of Wis. Stat. § 806.06(3) is that this reading furthers the race-notice provisions of Wisconsin law. In a race-notice jurisdiction such as Wisconsin, prompt docketing of judgments is needed to establish the proper priority of claims. Determining the proper priority of claims should be uniform throughout the state and should not be left to a variety of procedures for docketing judgments in offices of clerks of circuit court.

¶ 41. In order to enable those searching the judgment dockets to rely upon these dockets and to avoid litigation about priority of claims, it is imperative that clerks' offices docket a judgment immediately upon entry of the judgment. A holding that clerks' offices have a "reasonable time" after entry of a judgment in which to docket a judgment would render the judgment dockets untrustworthy. As the court stated more than a century ago, the people of the state ought to be able to rely on the judgment docket to show encumbrances on real property without examining all the records in a clerk's office.[18]

---

[17] See Madison v. Madison Prof. Police Officers Ass'n, 144 Wis. 2d 576, 587–88, 425 N.W.2d 8 (1988); State v. Kruse, 101 Wis. 2d 387, 393, 305 N.W.2d 85 (1981); State ex rel. Mitchell v. Superior Court, 14 Wis. 2d 77, 79, 109 N.W.2d 522 (1961).

[18] "No statute requires a party seeking for judgment liens to examine all the records in the clerk's office, and no principle of

¶ 42.   Counsel for the clerk cites material in its brief from the Office of Court Operations in the Office of the Director of State Courts arguing that the Director's office interprets Wis. Stat. § 806.10(3) to allow clerks to docket judgments within 24 hours of entry. The Director's material acknowledges that "docketing should occur 'immediately upon filing,' " citing Wis. Stat. § 779.07,[19] but asserts that "[g]iven the impracticality of an 'immediate' docketing, the Wisconsin Records Management Committee encourages clerks to enter the judgment within 24 hours as a reasonable accommodation and to avoid being sued for treble damages under Wis. Stat. § 806.10(3)." The Records Management Committee recognized that "a longer period jeopardizes the protection for which the lien is intended to provide."[20]

¶ 43.   The Records Management Committee did not, and could not, change the statute governing the time for docketing judgments. The statute requires that clerks docket a judgment upon entry of the judgment.

■■

¶ 44.   For the reasons stated, we hold that a judgment is docketed "at the proper time" under Wis. Stat.

law of which we are aware imposes any such diligence. If the judgment docket shows a clear record, the party need seek no farther." *McKenna v. Van Blarcom*, 109 Wis. 271, 273, 85 N.W. 322 (1901).

[19] Wisconsin Stat. § 779.07 provides that "[e]very clerk of circuit court shall keep a judgment and lien docket in which shall be entered, immediately upon filing, the proper entries. . .relative to each claim for lien filed. . . ."

[20] *See Report of the Technical Assistance Project Report to the Clark County Circuit Court*, May 1997, Clerk's Appendix at 114.

§ 806.10(3) when it is docketed immediately upon the entry of the judgment. The office of the clerk of circuit court violated Wis. Stat. § 806.10(3) in the present case when it neglected to docket the judgment immediately upon entry of the judgment.

¶ 45.   Our decision today should in no way be read as a criticism of the able and diligent clerks of circuit court in this state. The clerk's brief and the Wisconsin Counties Association's non-party brief are concerned that as a result of our holding, busy clerks' offices will have to choose between docketing judgments and other important tasks. We recognize that the clerks' offices have increasing duties and do not always get increased staff to perform these duties. Nevertheless the legislature has spoken in Wis. Stat. § 806.10(3). Given recent technological innovations, delay in docketing of judgments should no longer be an issue in most Wisconsin counties.

¶ 46.   For the reasons set forth, the judgment of the court of appeals is affirmed. We clarify the directions on remand to direct the circuit court to determine whether the violation of Wis. Stat. § 806.10(3) by the office of the clerk of circuit court caused damage to the Bank and, if so, to calculate the amount of the damages.

*By the Court.*—The decision of the court of appeals is affirmed and the cause is remanded to the circuit court.