Reuben GRANADO, Plaintiff-Appellant,†

v.

SENTRY INSURANCE, a mutual company, ABC Insurance Company, Younkers Inc., n/k/a Proffitt's Inc., d/b/a Younkers, XYZ Company and Wisconsin Physicians Service Insurance Corporation, Defendants-Respondents.

Court of Appeals

*No. 98–3675–FT. Submitted on briefs April 19, 1999.—Decided June 15, 1999.*

(Also reported in 599 N.W.2d 62.)

†Petition to review dismissed.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Mary Taylor Lokensgard* and *Robinson, Peterson, Berk & Cross, LLP*, of Appleton.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Julie M. Falk* and *Steven M. Anderson* and *Ruder, Ware & Michler, S.C.* of Wausau.

Before Cane, C.J., Myse, P.J., and Hoover, J.

HOOVER, J. We are presented with the question whether Reuben Granado timely filed a summons and complaint given to the clerk of circuit court at his home at 9:30 p.m. on the last day of the limitations.[1] Granado appeals a circuit court judgment dismissing his complaint against Sentry Insurance and Younkers Inc. on the grounds that it was not timely filed. Granado contends that the clerk has the necessary power and authority to determine when and where to accept papers for filing and that the filing was proper in this instance.

We hold that the legislature intended that a pleading is filed when it is properly deposited with the clerk.

---

[1] This is an expedited appeal under RULE 809.17, STATS.

The legislature has set forth certain guidelines establishing the time and place for the clerk to perform his or her duties. Although clerks as elected constitutional officers have some discretion in performing their duties, that discretion is tempered by these legislative prescriptions. We look on a case-by-case basis to the circumstances surrounding the delivery of the papers in conjunction with our concern that papers not be filed in a manner that gives rise to unpredictability or the potential for abuse to determine whether a paper has been "properly deposited." We conclude that the summons and complaint have not been properly filed because they were deposited in a manner too far removed from the legislative guidelines. Because the filing was improper, we affirm the judgment dismissing the complaint.

The facts are undisputed. On June 18, 1995, Granado allegedly fell and sustained injuries at the Younkers store in Green Bay. On June 18, 1998, Granado's attorney called Paul Janquart, the Brown County clerk of court, after the clerk's office had closed and made arrangements to deliver the papers to Janquart at his home. Granado's attorney hand delivered the summons and complaint to Janquart at 9:30 p.m. Janquart wrote "Received: 6/18/98," and signed and dated the complaint on June 18, but it was not stamped "Filed" until June 19.

Younkers moved to dismiss on the grounds that the circuit court lacked jurisdiction because the statute of limitations had expired. The circuit court granted the motion to dismiss, concluding that the summons and complaint were not filed with the clerk until June 19, after the statute of limitations had run.

The statute of limitations period for personal injury actions is three years. Section 893.54, STATS.

Once the limitation period expires, both the right and the remedy are extinguished. Section 893.05, STATS. Granado concedes that if the complaint was filed on June 19, it was untimely and the action should be dismissed. Conversely, Younkers agrees that if the summons and complaint is determined to have been filed on June 18, it was filed timely for limitations purposes.

■

We review the trial court's decision to dismiss de novo. *Town of Eagle v. Christensen*, 191 Wis. 2d 301, 311–12, 529 N.W.2d 245, 249 (Ct. App. 1995). Resolution of the issues presented involves statutory interpretation, which we also review de novo. *Coutts v. Wisconsin Retire. Bd.*, 209 Wis. 2d 655, 663, 562 N.W.2d 917, 921 (1997).

■

When read together, §§ 893.02, 801.02, and 801.06(1), STATS., plainly indicate that an action is commenced when the summons and complaint are filed with the clerk. Section 893.02 defines when an action is commenced for statute of limitations purposes. It states, in pertinent part: "An action is commenced, within the meaning of any provision of law which limits the time for the commencement of an action, as to each defendant, when the summons naming the defendant and the complaint are filed with the court . . . ."

Section 801.02(1), STATS., governs commencement of a personal injury action. It provides:

> A civil action in which a personal judgment is sought is commenced as to any defendant when a summons and a complaint naming the person as defendant are filed with the court, provided service of an authenticated copy of the summons and of the

complaint is made upon the defendant under this chapter within 90 days after filing.

Section 801.16(1), STATS., provides that "[t]he filing of pleadings . . . with the court as required by these statutes shall be made by filing them with the clerk of circuit court."

The goal of statutory interpretation is to ascertain and give effect to the legislature's intent. *Lake City Corp. v. City of Mequon*, 207 Wis. 2d 155, 162, 558 N.W.2d 100, 103 (1997). To achieve this goal, we first resort to the statute's plain language. *Id.* In the absence of statutory definitions, this court construes all words according to their common and approved usage, which may be established by dictionary definitions. *Swatek v. County of Dane*, 192 Wis. 2d 47, 61, 531 N.W.2d 45, 50 (1995). In addition, it is a basic rule of statutory construction that effect is to be given to a statute's every word, if possible, so that no portion is rendered superfluous. *Lake City Corp.*, 207 Wis. 2d at 162, 558 N.W.2d at 103. When construing a statute, we examine the language in question in the context of the statute as a whole. *See General Castings Corp. v. Winstead*, 156 Wis. 2d 752, 758, 457 N.W.2d 557, 561 (Ct. App. 1990). It is also a fundamental rule of statutory construction that any absurd or unreasonable result must be avoided. *Id.* at 759, 457 N.W.2d at 561. If a statute's meaning is clear from its language, we are prohibited from looking beyond such language to ascertain its meaning. *Id.* The statutes we previously examined do not address what it means to file a pleading. The parties would have us resolve this case by determining the extent of the clerk's discretion as to when and where papers are accepted. Granado asserts that the clerk is a duly elected constitutional officer

and has unfettered discretion to decide where and when to accept papers. Younkers responds that the legislature has "specifically prescribed where and during what hours the clerk of court's record keeping duties shall take place." Given the legislature's action, Younkers asserts that the clerk has no discretion as to where and when papers may be accepted. It also contends that under *St. John's Home v. Continental Cas. Co.*, 150 Wis. 2d 37, 441 N.W.2d 219 (1989), the pleading must be received by the end of business hours to be filed on that date.[2] To resolve this dispute, we look at the clerk's power and authority.

██ The clerk of circuit court is a constitutional officer. Article VII, § 12 of the Wisconsin Constitution provides:

> There shall be a clerk of the circuit court chosen in each county organized for judicial purposes by the qualified electors thereof, who shall hold his office for two years, subject to removal as shall be provided by law . . . . The supreme court shall appoint its own clerk, and a clerk of the circuit court may be appointed a clerk of the supreme court.

As elected officials, clerks are entitled to exercise some discretion in the performance of their duties. *See Kasik v. Janssen*, 158 Wis. 606, 609–10, 149 N.W. 398, 400 (1914). Clerks' authority, however, is conferred and may therefore be limited by the legislature. *See Reichert v. Milwaukee County*, 159 Wis. 25, 35, 150 N.W. 401,

---

[2] In *St. John's Home v. Continental Cas. Co.*, 150 Wis. 2d 37, 45, 441 N.W.2d 219, 222 (1989), our supreme court established the rule that papers to be filed with the clerk of the supreme court must be filed before the close of business on the last day permitted to be timely.

403–04 (1914), *overruled on other grounds by City of Milwaukee v. Firemen Relief Ass'n,* 42 Wis. 2d 23, 165 N.W.2d 384 (1969). The legislature has in fact imposed certain limitations on clerks in the performance of their duties. Section 59.20(3)(a), STATS., provides in pertinent part:

> Every . . . clerk of the circuit court . . . shall keep his or her office at the county seat in the offices provided by the county or by special provision of law; or if there is none, then at such place as the board directs. . . . All such officers shall keep their offices open during the usual business hours of any day except Sunday, as the board directs.

Section 59.40(2), STATS., also contains limitations on the clerk. It provides, in part:

> The clerk of circuit court shall:
> (a) File and keep all papers *properly deposited* with him or her in every action or proceeding unless required to transmit the papers. . . .
> (b) Keep a court record and write in that record the names of parties in every civil action or proceeding in the court, the names of attorneys representing the parties, a brief statement of the nature of the action or proceeding, the date of filing every paper therein . . . . (Emphasis added.)

Thus, the legislature has set certain guidelines governing when, where and how clerks are to perform their duties, including the requirement that a paper be "properly deposited" before a clerk may file it.

We reject Younkers' contention that this language confines the clerk of court to accept papers only during usual business hours set by the county board. It would have us read the statute as compelling a constitutional officer to limit his or her hours to usual business hours.

801

This is both inconsistent with the discretion accorded an elected official and unreasonable. For example, the legislature has directed the county board to give the county clerk an office that is open during some business hours at some point from Monday through Saturday. Section 59.20(3)(a), STATS. It did not restrict those hours or define usual business hours. If we were to read the statute as compelling that hours be limited to usual business hours, it would arguably prohibit the county clerk from having its offices open after usual business hours on election night. Similarly, the rule would prevent a clerk of circuit court traveling with a judge to a court outside the county seat from accepting pleadings or filing papers associated with a jury trial that continues beyond business hours. Younkers' unreasonable result is one that must be avoided. *See Lake City Corp.*, 207 Wis. 2d at 162, 558 N.W.2d at 103.

We also reject Younkers' assertion that the holdings in *St. John's* control, although as discussed below, some of the concerns it addresses apply to the present controversy. In that case, the supreme court prescribed a bright-line rule for filing a petition for review and other appellate papers with the Wisconsin Supreme Court. It determined that the petition must be received by the clerk before the close of business hours on the last day permitted. *Id.* at 46, 441 N.W.2d at 222. Petitions filed after that time would be considered filed the following day. *Id.* at 45–46, 441 N.W.2d at 222. The precise holding in *St. John's* is limited to the clerk of the supreme court, a position appointed by the supreme court. It was premised upon the supreme court's concern that appellate practice in Wisconsin be uniform. In contrast, although we have a degree of uniformity in the circuit court system, clerks of court are entitled to exercise some discretion in the discharge

of their responsibilities. *See Giese v. LIRC*, 153 Wis. 2d 212, 216, 450 N.W.2d 489, 491 (Ct. App. 1989). If the legislature intended all procedures or processes to be uniform, it would have enacted legislation to require such uniformity. It has not done so.

Here, the legislature has determined that for the clerk to file a paper, it must be "properly deposited." The question is, then, when a pleading is "properly deposited."

Granado would have us determine that pleadings are "properly deposited" once the clerk receives them, regardless of the circumstances. In support of his contention, Granado directs us to cases suggesting that receipt by the clerk is synonymous with filing.[3] Granado contends that the filing was complete when the clerk accepted the pleadings at his home. We disagree.

We conclude that the term "properly deposited" means something more than mere deposit of a pleading. Granado's argument that receipt by the clerk equals filing regardless of the circumstances would have us ignore the word "properly," as well as the clerks' legislatively set parameters as to when and where their duties are to be performed. Rather than

---

[3] Granado cites *Douglas v. Dewey*, 147 Wis. 2d 328, 336, 433 N.W.2d 243, 245 (1989) (providing clerk of circuit court with notice of appeal without appellate filing fees constitutes filing); *Boston Old Colony Ins. Co. v. International Rectifier Corp.*, 91 Wis. 2d 813, 822, 284 N.W.2d 93, 98 (1979) (notice of appeal is filed when given to clerk, not when stamped as filed); *Lang v. Menasha Paper Co.*, 119 Wis. 1, 5–6, 96 N.W. 393, 394 (1903) (mechanics lien filed when presented to clerk for filing and retained by the clerk despite absence of filing fee). These cases are not persuasive because none addresses delivery of papers after office hours and away from the office.

being empty surplusage, the adverb "properly" carries a connotation of complying with formality or correctness.[4]

We decline to adopt a bright-line rule as to when a document is properly deposited. We do not ascribe a precise meaning to "properly" because it is not susceptible of exact definition. What is proper will vary from case to case depending upon the circumstances. The term takes its meaning and application from the policy concerns of unpredictability and abuse expressed in *St. John's*, 207 Wis. 2d at 43–44, 441 N.W.2d at 221–22, in the context of the legislative enactments conferring and limiting power upon clerks of court and while recognizing that the clerk of court is a constitutionally elected officer with some discretion. The legislature has set imprecise and inexhaustive guidelines indicating when and where the clerk's duties should be performed. It also requires that papers be properly deposited in order to be filed. The further removed the manner in which clerks exercise their discretion is from the legislative guidelines, the more potential there is for unpredictability and abuse.[5]

We hold that "properly deposited" means that the further removed from an office's legislative guidelines

---

[4] WEBSTER'S THIRD NEW INT'L DICTIONARY 1817 (Unabr. 1993) defines "proper" as "marked by suitability, fitness, accord, compatibility: as . . . b : sanctioned as according with equity, justice, ethics, or rationale . . . d : acceptable as being qualified or competent . . . e : adequate to the purpose . . . ."

[5] Clerks could make themselves available to their friends or supporters but not to others. In addition, a clerk at his or her home does not have the same facilities available, such as a permanent file, in which to place the papers, increasing the chance of something becoming lost or misplaced.

and usual business hours a transaction occurs, the less likely it is that the papers have been properly deposited. Those papers deposited with the clerk during usual business hours and at the county provided office are properly deposited for purposes of the time and place of filing.[6]

Here, the papers were given to the clerk at his home hours after his office had closed. The arrangements to drop the papers off with the clerk were made after the clerk's office had closed. It was happenstance that Granado was able to contact Janquart at all. While we do not suggest that this case in any way involves actual abuse, it does demonstrate a process that removes predictability from the filing process. The clerk thus as a matter of law exercised his discretion in a manner that impermissibly surpassed the legislative strictures he was subject to. We determine from the undisputed facts that the time and place of presenting the papers were simply too far removed from the legislative guidelines to conclude that they were properly deposited.

*By the Court.*—Judgment affirmed.

[6] We do not address other matters, such as whether a filing fee accompanied the papers.