Phyllis M. LANDIS, individually, and as personal representative for the estate of Edward E. Landis, Plaintiffs-Respondents,†

v.

PHYSICIANS INSURANCE COMPANY OF WISCONSIN, INC., Midelfort Clinic, Ltd., Mayo Health System, Luther Hospital and Wisconsin Patients Compensation Fund, Defendants-Appellants,

M. Terry MCENANY, M.D., Defendant.

Court of Appeals

No. 00–0330. Submitted on briefs May 15, 2000.—Decided July 11, 2000.

2000 WI App 164

(Also reported in 616 N.W.2d 910.)

†Petition to review granted.

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Joy L. O'Grosky, Edith F. Merila* and *Timothy J. Cesar* and *Axley Brynelson, LLP* of Madison.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *J. Drew Ryberg* and *Michael J. Happe* and *Kelly & Ryberg, S.C.* of Eau Claire.

Before Cane, C.J., Hoover, P.J., and Schudson, J.

¶ 1.   HOOVER, P.J. Luther Hospital[2] appeals an order denying as untimely its motion to dismiss the medical malpractice claim brought by Phyllis Landis individually and as personal representative of the estate of Edward Landis. Edward died as a result of alleged medical malpractice. Phyllis, his surviving spouse, requested mediation pursuant to WIS. STAT. § 655.44[3] within five years of Edward's death, but commenced this action more than five years after his death. The ultimate issue is whether Phyllis's action was timely filed. We conclude that it was not. Medical malpractice actions are subject to a five-year statute of repose. A mediation request does not toll the statute of

---

[2] The defendants Midelfort Clinic, Ltd., Mayo Health System, Physicians Insurance Company of Wisconsin, Inc., and Wisconsin Patients Compensation Fund also join Luther Hospital in this appeal. We refer to all the appellants as Luther Hospital.

[3] All references to the Wisconsin Statutes are to the 1997–98 version.

repose and does not constitute commencing an action. Because Phyllis's action was filed more than five years after the alleged negligent act or omission, it was not timely under WIS. STAT. § 893.55. Accordingly, the order is reversed.

¶ 2.  The relevant facts are undisputed. Edward Landis died on April 1, 1994, after undergoing multiple coronary bypass surgery on March 17, 1994. Phyllis asserted that she first learned of the alleged malpractice in February 1999. She requested mediation pursuant to WIS. STAT. § 655.44(4) on March 8, 1999. On July 2, after the mediation process was complete, she filed suit. The complaint alleged that Luther Hospital failed to elicit informed consent and failed to provide reasonable care to Edward.

¶ 3.  Luther Hospital moved to dismiss on the grounds that Phyllis's claim was time barred. The circuit court denied the motion, concluding that the WIS. STAT. § 893.55 five-year statute of repose was tolled by WIS. STAT. § 655.44(4) because Phyllis's request for mediation was made within five years of Edward's death. Luther Hospital appeals that order.

## DISCUSSION

1.  Standard of Review

¶ 4.  Resolution of the issues presented involves statutory interpretation and the application of the statutes to undisputed facts, both questions of law that we review de novo. See Nelson v. McLaughlin, 211 Wis. 2d 487, 495, 565 N.W.2d 123 (1997). The objective of statutory interpretation is to discern and give effect to the legislature's intent. See Lake City Corp. v. City of Mequon, 207 Wis. 2d 155, 162, 558 N.W.2d 100 (1997).

To do so, we look first to the statute's plain language. *See id.* When the statutory language clearly and unambiguously sets forth the legislative intent, we may not look beyond the language to determine its meaning. *See id.* at 163. However, if the statutory language is ambiguous, we may examine the statute's history, scope, context, subject matter, and objective to ascertain the legislative intent. *See id.*

2. WISCONSIN STAT. § 893.55

¶ 5. WISCONSIN STAT. § 893.55 provides both a statute of limitations and a statute of repose for medical malpractice actions.[4] It states:

> (1)[A]n action to recover damages for injury arising from any treatment or operation performed by, or from any omission by, a person who is a health care provider, regardless of the theory on which the action is based, shall be commenced within the later of:
>     (a)   Three years from the date of the injury, or
>     (b)   One year from the date the injury was discovered or, in the exercise of reasonable diligence

---

[4] A statute of repose differs from a statute of limitation. BLACK'S LAW DICTIONARY 1423 (7th ed. 1999) explains the distinction as follows:

> A statute of repose . . . limits the time within which an action may be brought and is not related to the accrual of any cause of action; the injury need not have occurred, much less have been discovered. Unlike an ordinary statute of limitations which begins running upon accrual of the claim, the period contained in a statute of repose begins when a specific event occurs, regardless of whether a cause of action has accrued or whether any injury has resulted.

"In Wisconsin law, statutes of limitation are not treated as statutes of repose . . . ." *Pulchinski v. Strnad*, 88 Wis. 2d 423, 428, 276 N.W.2d 781 (1979).

should have been discovered, *except that an action may not be commenced under this paragraph more than 5 years from the date of the act or omission.* (Emphasis added.)

¶ 6.   The parties do not dispute that the italicized language creates a five-year statute of repose for medical malpractice claims. It provides that a cause of action must be commenced within a specified amount of time after the defendant's act or omission that allegedly led to injury regardless of whether the plaintiff has discovered the injury or wrongdoing. Indeed, we have held that the five-year provision in WIS. STAT. § 893.55(1)(b) is a statute of repose. *See Halverson v. Tydrich*, 156 Wis. 2d 202, 208, 456 N.W.2d 852 (Ct. App. 1990).

¶ 7.   Because Phyllis's circuit court action was filed more than five years after the act or omission, it is untimely under the statute of repose in WIS. STAT. § 893.55. Nevertheless, Phyllis contends that the statute of repose was tolled by her mediation request. Phyllis alternatively claims that her request for mediation commenced this action.[5]

---

[5] Phyllis also makes the unadorned assertion that Luther Hospital failed to prove the date that triggers the running of the statute of repose. We disagree. The statute of repose runs for five years from act or omission. The latest that the act or omission could have occurred here was the date of Edward's death, April 1, 1994. There is no merit to Phyllis's unexplained suggestion that Luther Hospital may have negligently failed to obtain informed consent or provide Edward appropriate care after his death.

### 3. Tolling

¶ 8.    Phyllis chose to proceed under WIS.STAT. § 655.44 by requesting mediation before commencing her malpractice action.[6] Section 655.44(4) contains a tolling provision:

> STATUTE OF LIMITATIONS. Any applicable *statute of limitations* is tolled on the date the director of state courts receives the request for mediation if delivered in person or on the date of mailing if sent by registered mail. The statute remains tolled until 30 days after the last day of the mediation period under s. 655.465 (7). (Emphasis added.)

On its face, subsec. (4) tolls only a statute of limitation. It does not, by its terms, apply to a statute of repose. We perceive no ambiguity in the language the legislature used, and the parties describe none. We therefore conclude that § 655.44(4) tolls only statutes of limitation; it does not toll the WIS. STAT. § 893.55 statute of repose.[7]

---

[6] The legislature established a mediation system applicable to all medical malpractice actions. *See* WIS. STAT. §§ 655.43, 655.44, 655.445, 655.007. All parties must submit to mediation. *See* WIS. STAT. § 655.43. The statutory scheme, however, gives claimants a choice of mediating either before or after commencing a court action. *See* WIS. STAT. § 655.44 (mediate prior to filing), and WIS. STAT. § 655.445 (after filing suit).

[7] Although the repose provision is contained in a chapter entitled "Limitations," and WIS. STAT. § 893.55 is entitled "Medical malpractice; limitation of actions," those titles do not convert the repose provision into a statute of limitation. In the face of plain and unambiguous language, we must disregard a statute's title. *See State v. Black*, 188 Wis. 2d 639, 645, 526 N.W.2d 132 (1994). "Consideration of a statutory title may be used only to resolve doubt as to the meaning of the statute." *Id.* The legisla-

¶ 9.   Despite the clear and unambiguous statutory language limiting the WIS. STAT. § 655.44(4) tolling provision to statutes of limitation, Phyllis asserts that it should apply to the WIS. STAT. § 893.55 statute of repose. She contends that the purpose behind the statute of repose is served by filing the request for mediation within the five-year period because the wrongdoer is timely notified of the claim. We disagree. The statute's plain language does not support her construction, and we may not look beyond the statute's unambiguous words. *See Nelson*, 211 Wis. 2d at 495–96 ("If the meaning of a statute is clear from its language, we are prohibited from looking beyond such language."). Furthermore, we presume the legislature chose its terms carefully and with precision to express its meaning. *See Johnson v. City of Edgerton*, 207 Wis. 2d 343, 351, 558 N.W.2d 653 (Ct. App. 1996). The language used does not reflect a legislative intent to toll the statute of repose.

¶ 10.   Moreover, even if we were to consider the purpose underlying the WIS. STAT. § 893.55 statute of repose as Phyllis suggests, it does not support her position. A statute of repose carries with it a significant degree of certainty. At a specified period of time, a right of action can no longer arise. In *Tomczak v. Bailey*, 218 Wis. 2d 245, 254, 578 N.W.2d 166 (1998), the supreme court noted that when the legislature creates a statute of repose, it has made a policy determination as to when the claim accrues and when "to close the courthouse doors on litigants with stale claims . . . ."

ture's words in § 893.55(1)(b) create a five-year statute of repose for medical malpractice actions. *See Halverson v. Tydrich*, 156 Wis. 2d 202, 208, 456 N.W.2d 852 (Ct. App. 1990).

¶ 11. WISCONSIN STAT. § 893.55 reflects not only the purpose of the statute of repose by providing a date certain after which a lawsuit may not arise, but also the legislative intent to curb the flow of medical malpractice claims. In *State ex rel. Strykowski v. Wilkie*, 81 Wis. 2d 491, 261 N.W.2d 434 (1978), the supreme court, while rejecting an equal protection challenge to the medical malpractice statutory scheme, explained:

> Medical malpractice actions are substantially distinct from other tort actions. The classification is plainly germane to the act's purposes. The law applies to all victims of health care providers as described therein. The legislature declares that the circumstances surrounding medical malpractice litigation and insurance required the enactment of the legislation.

*Id.* at 509. Further, the supreme court noted the reasoning contained in the legislation:

> The legislature cited a sudden increase in the number of malpractice suits, in the size of awards, and in malpractice insurance premiums, and identified several impending dangers: increased health care costs, the prescription of elaborate "defensive" medical procedures, the unavailability of certain hazardous services and the possibility that physicians would curtail their practices.

*Id.* at 508. In *Lund v. Kokemoor*, 195 Wis. 2d 727, 735, 537 N.W.2d 21 (Ct. App. 1995), we noted:

> In the wake of its findings, the legislature enacted a medical malpractice statutory scheme to combat the increasing liability insurance costs. A statutory cap was placed on noneconomic damages, § 893.55(4)(d), STATS., a special statute of limitations was introduced to prohibit the commencement

of an action more than five years after the act or omission giving rise to the claim, § 893.55(1)(b) and a mediation system was established to provide an alternative means of resolving medical malpractice disputes. Section 655.42, STATS.

It was consistent with the legislature's purpose to enact a statute of repose to extinguish, with certainty and without exception, a medical malpractice right of action five years after the date of the act or omission.

¶ 12. Phyllis next claims that the interplay between WIS. STAT. §§ 893.23 and 655.44(5) operates to toll the five-year statute of repose. She asserts that because she was statutorily prohibited from commencing a court action until after the mediation period expired, that period of time is not included in calculating the five-year repose period.

¶ 13. WISCONSIN STAT. § 655.44(5) provides: "Except as provided in s. 655.445, no court action may be commenced unless a request for mediation has been filed under this section and until the expiration of the mediation period under s. 655.465 (7)."

¶ 14. WISCONSIN STAT. § 893.23 provides: "When the commencement of an action is stayed by injunction or statutory prohibition the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action."

¶ 15. Phyllis's argument ignores the distinct nature of medical malpractice actions and the extensive statutory scheme the legislature enacted. The legislature specifically addressed the effect on commencement of actions of a mediation request in WIS. STAT. § 655.44(4). The legislature chose to toll applicable statutes of limitation. It did not toll the WIS. STAT. § 893.55 statute of repose.

■

¶ 16.   Where a general statute conflicts with a specific statute, the specific statute prevails. *See State v. Smith*, 106 Wis. 2d 151, 159, 316 N.W.2d 124 (Ct. App. 1982). Because WIS. STAT. § 655.44 specifically addresses the effect of the stay, it controls over WIS. STAT. § 893.23. Moreover, were we to adopt Phyllis's construction, § 655.44(4) would be superfluous, a result that we are to avoid in construing statutes. *See Kelley Co. v. Marquardt*, 172 Wis. 2d 234, 250, 493 N.W.2d 68 (1992).

¶ 17.   Other provisions in the medical malpractice statutory scheme reflect the legislative choice not to toll the WIS. STAT. § 893.55 statute of repose for mediation proceedings.   The legislature apparently recognized the plight of claimants who must mediate but are faced with an approaching deadline for commencing an action. It enacted WIS. STAT. § 655.445 to permit a claimant to avoid filing an untimely action by commencing a circuit court action first and then requesting mediation.[8] A medical malpractice claimant can thus avoid Phyllis's situation by filing suit first

---

[8] WISCONSIN STAT. § 655.445 provides in part:

(1)   COMMENCING ACTION, REQUEST AND FEE. [A]ny person . . . having a claim or a derivative claim under this chapter for bodily injury or death because of a tort or breach of contract based on professional services rendered or that should have been rendered by a health care provider shall, within 15 days after the date of filing an action in court, file a request for mediation. The request shall be prepared and delivered in person or sent by registered mail to the director of state courts, in the form and manner required under s. 655.44 (2) and (3), together with a notice that a court action has been commenced and the fee under s. 655.54 shall be paid.

(2)   SCHEDULING. All time periods under s. 802.10 (3) are tolled on the date of filing the court action. The time periods remain tolled until the expiration of the mediation period under s. 655.465 (7).

and then requesting mediation as authorized by § 655.445.

### 4. Commencement of a Medical Malpractice Action

■

¶ 18. A cause of action is commenced when the summons and complaint are filed with the clerk of circuit court. *See Granado v. Sentry Ins.*, 228 Wis. 2d 794, 798–99, 599 N.W.2d 62 (Ct. App. 1999) ("§§ 893.02, 801.02, and 801.06(1), STATS., plainly indicate that an action is commenced when the summons and complaint are filed with the clerk.").

¶ 19. Notwithstanding *Granado* and the statutes cited therein, Phyllis contends that filing a request for mediation under WIS. STAT. § 655.44 effectively commenced her medical malpractice action. She claims that this court so held in *Halverson*, 156 Wis. 2d at 208. *Halverson*, however, does not support Phyllis's position. In *Halverson*, we noted that the last date that any defendant treated Halverson was September 18, 1981, more than five years before December 11, 1987, the date Halverson filed his mediation request. *Id.* We do not read *Halverson* as holding that the date of filing a mediation request is the date an action is filed. That question was never addressed. Our reference to filing the mediation request simply noted that by any measure, Halverson's action was untimely.

¶ 20. Moreover, WIS. STAT. § 655.44 does not support Phyllis's argument that service of a request for mediation constitutes commencing a cause of action. First, it is apparent from subsec. (5)'s plain language that commencing an action and filing a request for mediation are two separate activities: "no court action may be commenced unless a request for mediation has

been filed under this section . . . ." Second, were filing the mediation request tantamount to filing a suit, there would be no need for subsec. (4)'s tolling of the statute of limitations because the mediation request would initiate the litigation. Phyllis's interpretation would render subsecs. (4) and (5) superfluous, a result to be avoided. *See Lake City Corp.*, 207 Wis. 2d at 162.

¶ 21.   We conclude that Phyllis's action was not timely filed. Medical malpractice actions are subject to the WIS. STAT. § 893.55(1)(b) five-year statute of repose. A mediation request under WIS. STAT. § 655.44 does not toll the statute of repose and does not constitute commencing an action. Because Phyllis's action was filed more than five years after the alleged negligent act or omission, it was not timely under § 893.55. Accordingly, the order is reversed.

*By the Court.*—Order reversed.