In re the Estate of Melvin Reise, Deceased:

State of Wisconsin ex rel. Kurt W. Reise, by Kathleen Haskell Reise, general guardian, Petitioner,

v.

Kay Morlen, Register in Probate Washington County, Respondent.

Court of Appeals

*No. 01–2939–W. Submitted on petition for supervisory writ December 13, 2001.—Decided February 6, 2002.*

2002 WI App 83

(Also reported in 642 N.W.2d 568.)

473

On behalf of the petitioner, the cause was submitted on the petition for supervisory writ of *John L. Becker* of *John L. Becker & Associates* of Brookfield.

On behalf of the respondent, the cause was submitted on the memorandum in response to petition for supervisory writ of *Kimberly A. Nass*, County Attorney of Washington County.

Before Nettesheim, P.J., Anderson and Snyder, JJ.

¶ 1.   PER CURIAM.   Kathleen Haskell Reise (Reise), who describes herself as the general guardian[1] of Kurt W. Reise, an heir of Melvin Reise, *see* Wis. Stat. § 851.09 (1999–2000),[2] by counsel, asks this court to exercise its supervisory jurisdiction over Kay Morlen, the Register in Probate for Washington County, on the grounds that Morlen erroneously refused to accept for filing Reise's petition to vacate or modify the order appointing a special administrator in the estate of Melvin Reise. The Register declined to accept Reise's petition for filing after determining that Reise was not an interested party to the action involving the estate. The petition was returned to counsel for Reise.[3] We

_____

[1] Kathleen Reise identifies herself as the "general guardian" of her minor son, Kurt W. Reise. We accept Reise's designation but need not address its legal validity.

[2] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

[3] Even though subsequent proceedings have occurred in the probate case which might render moot this petition for a supervisory writ, we nevertheless decide the petition because it raises an issue of public importance and the issues presented in

construe Reise's petition as one seeking mandamus relief compelling the Register to accept Reise's petition for filing.

¶ 2. In her response to the petition, Morlen, by counsel, argues that Reise's petition was insufficient because she is not an interested party[4] and did not request the appointment of a guardian for Kurt. The Register contends that evaluating pleadings in this manner is part of her duty to file and keep "properly deposited" papers.

¶ 3. We first address our jurisdiction in this matter. Under WIS. STAT. RULE 809.51(1), "[a] person may request the court [of appeals] to exercise its supervisory jurisdiction or its original jurisdiction to issue a prerogative writ over a court and the presiding judge, or other person or body, by filing a petition and supporting memorandum." The Register is appointed by the judges of the county. WIS. STAT. § 851.71(1). The Register's duties and powers are part clerical (file and keep papers, WIS. STAT. § 851.72(1)) and part quasi-judicial (making orders for hearings in the judge's absence, WIS. STAT. § 851.73(1)). We conclude that the reference to "court" or "other person or body" in RULE 809.51(1) includes a Register in Probate. *Cf. State ex rel. S.M.O. v. Resheske*, 110 Wis. 2d 447, 454, 329 N.W.2d 275 (Ct. App. 1982) (court has supervisory authority over the clerk of circuit court).[5]

<hr>

the petition are likely to arise again. Therefore, we address the issues to avoid uncertainty. *See Lenz v. L.E. Phillips Career Dev. Ctr.*, 167 Wis. 2d 53, 66–67, 482 N.W.2d 60 (1992).

[4] Kathleen Reise is the ex-wife of Melvin Reise.

[5] Although we hold that we have supervisory jurisdiction over the Register in Probate, the preferred course is to seek

¶ 4. We have supervisory jurisdiction over actions and proceedings in the circuit court. *State ex rel. Swan v. Elections Bd.*, 133 Wis. 2d 87, 91, 394 N.W.2d 732 (1986). Mandamus, which is within our supervisory authority, *see State ex rel. Dressler v. Racine County Circuit Court*, 163 Wis. 2d 622, 630, 472 N.W.2d 532 (Ct. App. 1991), is a proper remedy to compel a public officer to perform statutory duties, *State ex rel. Lewandowski v. Callaway*, 118 Wis. 2d 165, 171, 346 N.W.2d 457 (1984). Such relief is not available unless there is a clear legal right, a plain and positive duty, substantial damages or injury if relief is not granted, and no other remedy at law. *Galuska v. Kornwolf*, 142 Wis. 2d 733, 738, 419 N.W.2d 307 (Ct. App. 1987).

¶ 5. Reise argues that the Register in Probate did not have authority to reject her petition and had a plain legal duty to file the petition so that it might be heard by the court. We agree. The Register functions in both a clerical and quasi-judicial capacity. The Register has a duty to "[f]ile and keep all papers properly deposited with him or her." Wis. Stat. § 851.72(1). The Register may refuse to accept any paper for filing until the fee is paid. Wis. Stat. § 851.73(1)(f). The statute does not provide any other grounds for rejecting a pleading, and we are not persuaded by the Register's argument that she has the authority under either § 851.72 or § 851.73

mandamus relief in the circuit court. The circuit court is able to find facts; we are not. *Kovalic v. DEC Int'l*, 186 Wis. 2d 162, 172, 519 N.W.2d 351 (Ct. App. 1994). However, because the facts in this matter are undisputed, we exercise our jurisdiction to decide the petition before us.

to reject Reise's petition for filing on the grounds she has offered.[6] The Register's acceptance of pleadings for filing falls within the Register's clerical functions, and the Register had a plain legal duty to accept Reise's petition for filing. *Cf. Rome v. Betz*, 120 Wis. 2d 528, 529–30, 355 N.W.2d 844 (Ct. App. 1984) (clerk of circuit court may not reject a properly tendered notice of appeal if appellant does not also tender the record forwarding fee).

¶ 6.  In the context of the acceptance of papers for filing by the clerk of circuit court, the court in *Granado v. Sentry Insurance*, 228 Wis. 2d 794, 801, 599 N.W.2d 62 (Ct. App. 1999), observed that the legislature has established guidelines governing the clerk's ability to accept papers for filing. While the court declined to define precisely the phrase "properly deposited," the court noted that "properly deposited" relates to the act of accepting papers in a predictable fashion. *See id.* at 804–05. *Granado* does not establish that "properly deposited" permits the Register to evaluate the legal sufficiency of the pleading and bar it for a perceived insufficiency.

¶ 7.  The Register in Probate shall accept for filing Kathleen Reise's petition to vacate or modify the order

---

[6] The Register claims that Reise's petition was insufficient because she did not request the appointment of a guardian for Kurt. Under Wis. Stat. § 879.23(2), a court may appoint a guardian ad litem when a hearing is ordered or on the day of the hearing before any proceedings are held. Therefore, the absence of an express request for the appointment of a guardian is neither a fatal defect in the pleading nor a basis for rejecting the pleading for filing.

appointing a special administrator should Reise tender said petition for filing in response to this opinion.

*By the Court.*—Writ granted.