Lucinda O. GALUSKA, Thomas Barker, Denise Barker, Doris Breutzman, R. Donald Breutzman, Casey Camielewski, Diane M. Collins, Paul F. Collins, Lawrence Galuska, Gary Gayhart, Norman E. Gibbs, Priscilla Gibbs, William Kiser, George Kolar, Mary E. Kolar, George Lindabauer, Marjorie Lindabauer, Janice McQuire, Michael McQuire, Eugene Moonen, Kathie A. Morgen, Paul D. Morgen, Robert Oberst, Curt Royce, Delphine Schwartz, Gerald J. Schwartz, Linda Skorupa, Dennis Sorenson, Clarence Williams and Dorothy Williams, Plaintiffs-Appellants,†

v.

Dennis M. KORNWOLF, Racine County Clerk, and Robert L. Rohner, Racine County Sheriff, Defendants-Respondents.

Court of Appeals

*No. 87–0242. Submitted on briefs October 20, 1987.—Decided December 23, 1987.*

(Also reported in 419 N.W.2d 307.)

† Petition to review pending. This petition was not decided at the time the volume went to press. Its disposition will be reported in a later volume.

On behalf of the plaintiffs-appellants, the cause was submitted on the brief of *Jeffrey R. Brodek* of *DeMark, Kolbe & Brodek, S.C.* of Racine.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Joan M. Korb,* assistant corporation counsel of Racine.

NETTESHEIM, J. Wisconsin has a statute regulating sales by transient merchants, sec. 130.065, Stats. Residents of a subdivision near the Seven Mile Fair (collectively residents), appellants in this action, filed a mandamus action to compel the Racine county clerk to establish procedures for the issuance of such licenses and to compel the Racine County Sheriff to enforce the statute.[1] As a defense to the residents'

---

[1]Section 130.065, Stats., reads, in part:

(1) LICENSE REQUIRED. No transient merchant may conduct an auction sale, liquidation sale or other sale of more than 4 articles of merchandise in one location in this state (except as otherwise governed by s. 130.07) unless licensed to do so by the city, village or county in which the sale is proposed to be held.

. . . .

(2) APPLICATION FOR LICENSE. Any person desiring a license under this section shall, at least 10 days before the sale is to be held, file with the county clerk, or the village or city clerk if the sale is to be held within a village or city, a sworn application which contains the following:

action, the sheriff and the county clerk argued that the statute was unconstitutional. The trial court agreed, concluding that the statute violated the commerce, equal protection, and due process clauses of the

. . . .

(4) FEE AND BOND. Before being entitled to a license under this section, the applicant shall pay to the village, city or county clerk a license fee of $100 per day. The applicant shall in addition post a corporate surety bond with the clerk in the sum of $2,000 with surety to be approved by the clerk, provided, that the aggregate liability of the surety for all the losses shall in no event exceed the sum of the bond. The bond shall be conditioned on the compliance with all laws and on compliance with all material oral or written statements and representations made by or in behalf of the merchant with reference to merchandise sold or offered for sale and on the faithful performance under all warranties made with reference thereto.

(5) APPOINTMENT OF CLERK AS ATTORNEY. Before receiving a license under this section, the applicant shall in writing appoint the village, city or county clerk his attorney to accept service of process in any action commenced against the applicant arising out of the sale. Such action shall be brought in the county where the sale was held.

(6) CLERK TO NOTIFY ENFORCEMENT OFFICERS. When he issues any such license the county or village clerk shall notify the sheriff and district attorney and the city clerk shall notify the chief of police and city attorney, who shall take all necessary steps to enforce this section.

. . . .

(12) PENALTIES; CITY AND COUNTY ORDINANCES. (a) Whoever violates this section shall be fined not less than $100 nor more than $200 or imprisoned for not to exceed 60 days, or both. Each day of such violation is a separate offense.

(b) Any village, city or county may adopt ordinances which substantially conform to this section and provide for forfeitures for violation of such ordinances. A county ordinance adopted under this section shall not apply within any village or city in the county.

(c) This section shall be enforced by the proper officers whether or not any ordinance is in force in a village, city or county.

United States Constitution. Therefore, the trial court held that mandamus would not lie to enforce the statute. The residents appeal, alleging that the statute is constitutional and enforceable.

While we concur that a writ of mandamus should not lie, we do so upon different grounds than those relied upon by the trial court.

A writ of mandamus is a discretionary writ that lies within the sound discretion of the trial court to either grant or deny. The trial court's actions in either granting or denying a writ will be affirmed unless the trial court abused its discretion. *Law Enforcement Standards Bd. v. Village of Linden Station,* 101 Wis. 2d 472, 493, 305 N.W.2d 89, 99 (1981) (quoting *Miller v. Smith,* 100 Wis. 2d 609, 621, 302 N.W.2d 468, 474 (1981)). A reviewing court is obliged to uphold a discretionary decision of the trial court if it can conclude *ab initio* that there are facts in the record which would support the trial court's decision had discretion been exercised on the basis of those facts. *Schmid v. Olsen,* 111 Wis. 2d 228, 237, 330 N.W.2d 547, 552 (1983).

We first address the issue of compelling the county clerk to issue licenses to transient merchants. A reading of sec. 130.065, Stats., indicates that the county clerk has no affirmative duty to take any action until a merchant requests a license. *See* sec. 130.065(2), (3), (4), (5), (6). It is a general principle that mandamus will not lie to compel performance of an act by a public officer unless the act is actually due from the officer at the time of the application. *See State ex rel. Racine County v. Schmidt,* 7 Wis. 2d 528, 534, 97 N.W.2d 493, 496 (1959). Thus, under the facts

of this case, until a merchant seeks a license, the clerk is not required to do anything. Therefore, mandamus does not lie against the clerk.

The other issue, that of compelling the sheriff to enforce sec. 130.065, Stats., is not as easily resolved. Mandamus is the appropriate remedy to compel public officers to perform duties arising out of their offices. *State ex rel. Oman v. Hunkins,* 120 Wis. 2d 86, 88, 352 N.W.2d 220, 221 (Ct. App. 1984). Mandamus will not lie unless there is a clear legal right, a plain and positive duty, substantial damages or injury if relief is not granted and no other adequate remedy at law. *Id.* The duty, however, must be clear and unequivocal, not discretionary. *Id.*

A public officer's duty is ministerial "only when it is absolute, certain and imperative, involving merely the performance of a specific task when the law imposes, prescribes and defines the time, mode and occasion for its performance with such certainty that nothing remains for judgment or discretion." *State v. Dekker,* 112 Wis. 2d 304, 311–12, 332 N.W.2d 816, 820 (Ct. App. 1983) (quoting *Cords v. Anderson,* 80 Wis. 2d 525, 541, 259 N.W.2d 672, 679 (1977)). Discretionary acts, however, have been defined as "those acts wherein there is no hard and fast rule as to the course of conduct that one must or must not take and, if there is [a] clearly defined rule, such would eliminate discretion." *Id.* at 311, 332 N.W.2d at 820 (quoting Black's Law Dictionary 419 (5th ed. 1979)).

Section 130.065, Stats., recites no underlying *specific* duty of a sheriff. As such, we must look to sec. 59.23, Stats., which sets out the statutory duties of a sheriff. Although this latter statute is specific in

certain respects, it does not expressly address the sheriff's duty asserted here by the residents—the general and traditional duty of a sheriff to enforce the criminal statutes.[2]

The Wisconsin Supreme Court has spoken to the nature of the office of sheriff:

> "Within the field of his responsibility for the maintenance of law and order the sheriff today retains his ancient character and is accountable only to the sovereign, the voters of his county, though he may be removed by the governor for cause. No other county official supervises his work or can require a report or an accounting from him concerning his performance of his duty. He chooses his own ways and means of performing it. He divides his time according to his own judgment of what is necessary and desirable but is always subject to call and is eternally charged with maintaining the peace of the county and the apprehension of those who break it. In the performance of this duty he is detective and patrolman, as well as executive and administrator, and he is emphatically one of those who may serve though they only stand and wait. We recite these qualities and characteristics of the office not because they are novel but because they are so old that they are easily forgotten or unappreciated."

*Wisconsin Professional Police Ass'n v. County of Dane,* 106 Wis. 2d 303, 314, 316 N.W.2d 656, 661 (1982) (quoting *Andreski v. Industrial Comm'n,* 261 Wis. 234, 240, 52 N.W.2d 135, 137–38 (1952)).

---

[2]The only provision of sec. 59.23, Stats., which arguably encompasses this traditional duty is the language, "The sheriff shall: ... (7) Perform all other duties required of him by law."

■ The supreme court in *Professional Police Ass'n* also spoke to the type of duty asserted by the residents here—the general and traditional duty of a sheriff to enforce the criminal statutes:

> Now, it is quite true that the constitution nowhere defines what powers, rights and duties shall attach or belong to the office of sheriff. But there can be no doubt that the framers of the constitution had reference to the office with those generally recognized legal duties and functions belonging to it in this county, and in the territory, when the constitution was adopted.

*Id.* at 310, 316 N.W.2d at 659 (quoting *State ex rel. Kennedy v. Brunst,* 26 Wis. 412, 414 (1870)). Among these duties, we conclude, surely must be the investigation and enforcement of the criminal statutes.

Neither the supreme court nor the court of appeals of this state has, however, addressed whether this general and traditional duty of a sheriff is discretionary or ministerial for purposes of a mandamus action. We look to other jurisdictions for assistance on this question.

■ In *Crouch v. Hall,* 406 N.E.2d 303 (Ind. Ct. App. 1980), the Indiana Court of Appeals held that because investigation of criminal complaints involve evaluation, judgment and expertise in the accumulation of evidence and the establishment of a criminal case, "the investigation of criminal complaints made by the police [is] a discretionary governmental process." *Id.*

at 304. Although *Crouch* was not a mandamus action, we adopt the analysis of the Indiana appellate court.[3]

■

Applying that framework to the facts of this case, we consider the kinds of determinations which the sheriff would be required to make upon confronting a putative transient merchant to be sufficiently dependent upon the officer's own judgment so as to make that determination discretionary. Therefore, mandamus should not lie.

Were we to hold that mandamus lies to compel a sheriff to exercise this traditional and general duty, we then run the serious risk of undertaking the task of constant or recurring supervision over daily activities of the police. LaFave, *The Police and Nonenforcement of the Law,* 1962 Wis. L. Rev. 104, 134. Our holding avoids this situation. It also avoids troubling questions of separation of powers and whether mandamus should lie to compel a sheriff to enforce a criminal statute when the public may have effective control through the ballot box. *Id.*

Because the sheriff's duty asserted in this case is not a ministerial one expressly set forth in the constitution or the statutes, and otherwise falls within the realm of discretion, mandamus is not available to compel the sheriff to act.

*By the Court.*—Order affirmed.

■

[3]In *Crouch v. Hall,* 406 N.E.2d 303 (Ind. Ct. App. 1980), the plaintiff's complaint sounded in tort for an alleged failure by police officers to properly investigate a crime.