172 P.3d 856

**Roger SENSING, a resident and citizen of the State of Arizona, Plaintiff/Appellant,**

**v.**

**Jack F. HARRIS, in his official capacity as Chief of Police of the City of Phoenix, an Arizona municipality, Defendant/Appellee.**

No. 1 CA–CV 07–0282.

Court of Appeals of Arizona, Division 1, Department E.

Dec. 20, 2007.

Review Denied June 3, 2008.

to submit to a blood draw without a search warrant.

Charles M. Brewer, Ltd. by David L. Abney, Phoenix, Attorneys for Plaintiff/Appellant.

Gary Verburg, Phoenix City Attorney by Tracy Van Buskirk, Assistant City Prosecutor, Marvin Sondag, Assistant City Attorney, Phoenix, Attorneys for Defendant/Appellee.

## OPINION

IRVINE, Presiding Judge.

¶ 1 In this appeal, Roger Sensing requests that we order the superior court to direct the Phoenix Chief of Police to enforce a city ordinance that generally prohibits solicitation on city streets. The order Sensing seeks, known as a writ of mandamus, is normally issued by a court to require a public officer or entity to perform a nondiscretionary duty imposed by law. Here, because law enforcement decisions are generally discretionary decisions not subject to direction by the judiciary, mandamus relief would be improper. Therefore, we affirm the judgment of the superior court dismissing the complaint.

## STANDARD OF REVIEW

¶ 2 In reviewing motions to dismiss for failure to state a claim, we assume that the allegations in the complaint are true and determine if the plaintiff is entitled to relief under any theory of law. *Acker v. CSO Chevira*, 188 Ariz. 252, 255, 934 P.2d 816, 819 (App.1997); *McAlister v. Citibank (Arizona)*, 171 Ariz. 207, 211, 829 P.2d 1253, 1257 (App. 1992). Although motions to dismiss for failure to state a claim are not favored under Arizona law, a plaintiff's complaint must allege facts that are sufficient to place the other party on notice. *See Guerrero v. Copper Queen Hosp.*, 112 Ariz. 104, 106–07, 537 P.2d 1329, 1331–32 (1975). "When testing a motion to dismiss for failure to state a claim, well-pleaded material allegations of the complaint are taken as admitted, but conclusions of law or unwarranted deductions of fact are not." *Aldabbagh v. Ariz. Dep't of Liquor Licenses and Control*, 162 Ariz. 415, 417, 783 P.2d 1207, 1209 (App.1989).

## FACTS AND PROCEDURAL HISTORY

¶ 3 Sensing is the owner and operator of Pruitt's, a home furnishing store located on East Thomas Road in Phoenix. Sensing alleges that for a number of years people have been standing adjacent to the streets next to his business soliciting employment, business, or contributions from the occupants of vehicles. He alleges that this conduct has caused a number of problems for his business, including: trash, lower property values, trespassing, diminished quality of life of the neighborhood, and substantial costs for security. Sensing asserts this conduct violates Phoenix City Code ("P.C.C." or "Code") sec-

tion 36–131.01(A) ("Ordinance"), which provides:

No person shall stand on or adjacent to a street or highway and solicit, or attempt to solicit, employment, business or contributions from the occupant of any vehicle.

According to Sensing, he repeatedly asked the City of Phoenix Police Department to enforce the Ordinance, but representatives of the Chief of Police have indicated the Department will not do so.

¶ 4 Sensing filed a verified complaint ("Complaint") in Maricopa County Superior Court seeking a writ of mandamus directing, ordering, and requiring City of Phoenix Police Chief Jack F. Harris ("Chief") to enforce the Ordinance. In the Complaint, Sensing cited P.C.C. § 2–119(a), which states: "There shall be a Police Department, headed by a Chief of Police. He shall be responsible for the enforcement of State laws and City ordinances. . . ."[1] Sensing alleged that this provision shows that the Chief has a nondiscretionary ministerial and legal duty to enforce the Ordinance. He also alleged that even if the Chief's legal duty was discretionary, his failure to enforce the Ordinance would be arbitrary, unjust, and an abuse of discretion.

¶ 5 Pursuant to Rule 12(b)(6), Arizona Rule of Civil Procedure, the Chief moved to dismiss the Complaint for failure to state a claim upon which relief can be granted. After conducting a hearing,[2] the trial court granted the motion and dismissed the Complaint without prejudice. Sensing timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12–2101(B) (2003).

## DISCUSSION

¶ 6 "Mandamus is an extraordinary remedy issued by a court to compel a public officer to perform an act which the law specifically imposes as a duty." *Sears v. Hull,* 192 Ariz. 65, 68, ¶ 11, 961 P.2d 1013, 1016 (1998) (quoting *Bd. of Educ. v. Scottsdale*

*Educ. Ass'n,* 109 Ariz. 342, 344, 509 P.2d 612, 614 (1973)); *see also* A.R.S. § 12–2021 (2003). "Mandamus 'does not lie if the public officer is not specifically required by law to perform the act.'" *Sears,* 192 Ariz. at 68, ¶ 11, 961 P.2d at 1016 (quoting *Bd. of Educ.,* 109 Ariz. at 344, 509 P.2d at 614). "Because a mandamus action is designed to compel performance of an act the law requires, '[t]he general rule is that if the action of a public officer is discretionary that discretion may not be controlled by mandamus.'" *Id.* (quoting *Collins v. Krucker,* 56 Ariz. 6, 13, 104 P.2d 176, 179 (1940)). "When an official has discretion about how to perform a function, mandamus is available 'to require him to act properly,' only if the official abuses that discretion." *Yes on Prop 200 v. Napolitano,* 215 Ariz. 458, 465, 160 P.3d 1216, 1223 (App.2007) (quoting *Bd. of County Supervisors v. Rio Rico Volunteer Fire Dist.,* 119 Ariz. 361, 364, 580 P.2d 1215, 1218 (App.1978)).

¶ 7 Law enforcement activities by police and prosecutors are generally considered to be discretionary and not appropriate for mandamus relief. *See Ackerman v. Houston,* 45 Ariz. 293, 296, 43 P.2d 194, 195 (1935) (declining to order county attorney to file a complaint for perjury); *Wesley v. State,* 117 Ariz. 261, 263, 571 P.2d 1057, 1059 (App.1977) (noting that "the enforcement of liquor laws and regulations is not unlike law enforcement generally and is thus not subject to mandamus by a court for its performance"); *see also Galuska v. Kornwolf,* 142 Wis.2d 733, 419 N.W.2d 307, 311 (App.1987) (rejecting petition to order sheriff to enforce statute regulating transient merchants, noting that its holding "avoids troubling questions of separation of powers and whether mandamus should lie to compel a sheriff to enforce a criminal statute when the public may have effective control through the ballot box"); *People v. District Court,* 632 P.2d 1022, 1024 (Colo.1981) (noting the discretion of the district attorney "extends to the power to inves-

---

1. Pursuant to the Phoenix City Charter, department heads such as the Chief are appointed by the City Manager. Ch. III, Sec. 3, Charter, City of Phoenix. The City Manager, in turn, is appointed by the City Council, which is elected by the qualified electors of the City. *Id.* at Secs. 1–2.

2. Sensing has not provided us with a transcript of the hearing; therefore, we presume whatever transpired at the hearing supports the trial court's decision. *See State v. Vasko,* 193 Ariz. 142, 145, ¶ 12, 971 P.2d 189, 192 (App.1998).

tigate and to determine who shall be prosecuted and what crimes shall be charged"); *Ahern v. Baker,* 148 Colo. 408, 366 P.2d 366, 369 (1961) (noting that "mandamus will not ordinarily be granted to compel police officers to enforce the police or criminal laws generally") (quoting 34 A.J. 935, § 157).

¶ 8 Nevertheless, Sensing argues that the Code itself has taken away the Chief's discretion by mandating that he "shall be responsible for the enforcement ... of City ordinances," including P.C.C. § 36–131.01. P.C.C. § 2–119(a). We disagree. Although the Code uses the term "shall" when entrusting the Chief with the power to enforce Phoenix ordinances, the Code does not impose on the Chief a mandatory duty to act under a clearly defined set of circumstances. The Code gives the Chief a general duty to enforce the Ordinance but leaves him with discretion to choose what, if any, enforcement actions will be taken.

¶ 9 The United State Supreme Court recently addressed a similar issue in *Town of Castle Rock, Colorado v. Gonzales,* 545 U.S. 748, 125 S.Ct. 2796, 162 L.Ed.2d 658 (2005), which involved a civil rights claim against a municipality and police officers based on a failure to enforce domestic abuse restraining orders. Although the state law at issue appeared to make enforcement mandatory, the Court recognized that "[a] well established tradition of police discretion has long coexisted with apparently mandatory arrest statutes." *Id.* at 760, 125 S.Ct. 2796. Quoting an American Bar Association publication, the Court explained:

> In each and every state there are long-standing statutes that, by their terms, seem to preclude nonenforcement by the police.... However, for a number of reasons, including their legislative history, insufficient resources, and sheer physical impossibility, it has been recognized that such statutes cannot be interpreted literally.... [T]hey clearly do not mean that a police officer may not lawfully decline to ... make an arrest. As to third parties in these states, the full-enforcement statutes simply have no effect, and their significance is further diminished.

*Id.* at 760–61, 125 S.Ct. 2796 (quoting 1 ABA Standards for Criminal Justice 1–4.5, commentary, pp. 1–124 to 1–125 (2d ed.1980) ). *See also Chicago v. Morales,* 527 U.S. 41, 62 n. 32, 119 S.Ct. 1849, 144 L.Ed.2d 67 (1999) (noting that it is "common sense that all police officers must use some discretion in deciding when and where to enforce city ordinances").

¶ 10 Sensing candidly acknowledged at oral argument that no specific level or degree of enforcement of the Ordinance is mandated by the Code. He recognized that limited resources may lead to other enforcement matters being given higher priority and that this is a valid application of the Chief's discretion. Nevertheless, Sensing argues that there is a difference between not enforcing the Ordinance under specific, limited circumstances and adopting a general policy of non-enforcement because simply declining to enforce the Ordinance is not a valid exercise of discretion. Specifically, he argues that a patrol officer may have the discretion to not enforce the Ordinance against a specific person on a particular day, but the Chief's discretion does not extend to not enforcing the Ordinance at all.

¶ 11 We recognize that there are situations where "mandamus may be used to compel an officer, board or commission to take action even though such action is discretionary," but "it cannot be used to require that such discretion be exercised in a particular manner." *Miceli v. Indus. Comm'n,* 135 Ariz. 71, 73, 659 P.2d 30, 32 (1983); *Ariz. State Highway Comm' n v. Superior Court of Maricopa County,* 81 Ariz. 74, 77, 299 P.2d 783, 785 (1956); *Yes on Prop 200,* 215 Ariz. at 465, ¶ 12, 160 P.3d at 1223. For example, a professional licensing board may have discretion to deny a license, but it may not delay an application for an extended period when the statutes require it to act. *Eastman v. Southworth,* 87 Ariz. 394, 398–99, 351 P.2d 992, 994–95 (1960) (application to practice medicine delayed for nine years). Sensing essentially argues that the Chief's legal position is similar to that of the public officers in these case, so the Chief has no discretion regarding whether to enforce the Ordinance, but the details of enforcement are within his discre-

tion and the discretion of individual police officers.

¶ 12 As noted above, however, mandamus is only appropriate if the public officer is specifically required by law to perform the requested act. Sensing's recognition that there are valid circumstances when the Ordinance may not be enforced is equally a recognition that the Chief is not specifically required to enforce the Ordinance. Whether the Chief's enforcement decision is based on lack of resources, making other tasks higher priorities, or concerns about the legality or wisdom of enforcing the Ordinance, the Chief has the discretion to make that decision. Mandamus is not available to override that discretion.

■ ¶ 13 The Chief also argues that mandamus is not appropriate because Sensing's proper remedy is to influence the City's policymakers to change the City's policy and practices regarding enforcement of the Ordinance. We agree. The Chief's discretion over enforcement decisions makes the issue of enforcing the Ordinance a political question that is not appropriate for judicial resolution. *See Kromko v. Ariz. Bd. of Regents,* 216 Ariz. 190, 193–94, ¶¶ 13, 21, 165 P.3d 168, 171–72 (2007) (university tuition is a "nonjusticiable political question" because it is "entrusted to branches of government other than the judiciary" and there are "no judicially discoverable and manageable standards" for measuring constitutionality). The Code provision that the Chief "shall be responsible" for enforcing City ordinances may be an instruction to the Chief from the City Council as to how he should do his job, but if the Chief is not performing as the Council or City Manager desire, the remedy is for them to direct him to act differently, not for us to order him to do so. We have no such authority. *See Kromko, id.* ¶ 21 ("[A]t best, we would be substituting our subjective judgment of what is reasonable under all the circumstances for that of … the very branches of government to which our Constitution entrusts this decision."); *see also Galuska,* 419 N.W.2d at 311 ("Were we to hold that mandamus lies to compel a sheriff to exercise this traditional and general duty, we then run the serious risk of undertaking the task of constant or recurring supervision over daily activities of the police.").

¶ 14 We also reject the assertion that failure to enforce the Ordinance constitutes an abuse of the Chief's discretion. Sensing alleges no facts to show such an abuse. Moreover, Sensing cites no case, and we have found none, that finds an abuse of discretion for mandamus purposes merely because law enforcement officers do not enforce a law or ordinance. Sensing may disagree with how the Chief has chosen to act, but disagreement alone is not a basis for mandamus. *See Yes on Prop 200,* 215 Ariz. at 467, ¶ 26, 160 P.3d at 1225 (finding "mandamus is not an appropriate method to obtain a definition of duties that are otherwise subject to dispute"). A party seeking mandamus must show that he is entitled to relief. Sensing's unsupported allegation of an abuse of discretion does not meet that burden.

## CONCLUSION

¶ 15 We conclude that the Chief does not have a mandatory duty to enforce the Ordinance. Accordingly, the trial court did not err when it dismissed Sensing's complaint seeking mandamus relief. The judgment is affirmed.

CONCURRING: SHELDON H. WEISBERG, Judge and PATRICIA K. NORRIS, Judge.

