299 P.3d 747

Thomas E. BLANKENBAKER, D.C., an Arizona licensed chiropractic physician; Shawn Wherry, D.C., an Arizona licensed chiropractic physician; Emilia Indomenico, an Arizona resident, Plaintiffs/Appellants,

v.

Germaine MARKS, in her official capacity as Director of the Arizona Department of Insurance, Defendants/Appellees.

No. 1 CA–CV 11–0626.

Court of Appeals of Arizona, Division 1, Department D.

March 28, 2013.

* The Honorable Paul F. Eckstein, Judge *Pro Tempore* of the Court of Appeals, Division One, is authorized by the Chief Justice of the Arizona Supreme Court to participate in the disposition of this appeal pursuant to Article 6, Section 3, of the Arizona Constitution and A.R.S. §§ 12–145 to –147 (2003).

Knapp & Roberts, P.C. by David L. Abney, Scottsdale, Attorneys for Plaintiffs/Appellants.

Thomas C. Horne, Attorney General by Alyse C. Meislik, Assistant Attorney General, Phoenix, Attorneys for Defendants/Appellees.

## OPINION

GEMMILL, Judge.

¶ 1 Plaintiffs/Appellants Thomas Blankenbaker, D.C., Shawn Wherry, D.C., and Emilia Indomenico ("Plaintiffs") appeal from the trial court's dismissal of their special action complaint against Defendant/Appellee Germaine Marks (the "Director"), in her official capacity as Director of the Arizona Department of Insurance.[1] Plaintiffs asserted that Blue Cross Blue Shield of Arizona ("Blue Cross") was engaging in discriminatory conduct in violation of Arizona Revised Statutes ("A.R.S.") 20–461(B) (Supp. 2012)[2] and sought a writ of mandamus directing the Director to enforce the statute against Blue Cross. For the following reasons, we determine that the Director has discretion in the enforcement of the statute and, therefore, mandamus relief is not available.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Blankenbaker and Wherry are doctors of chiropractic medicine, and Indomenico is a patient. Plaintiffs filed a special action in superior court seeking a writ of mandamus to require the Director to enforce A.R.S. § 20–461(B) against Blue Cross. The complaint alleged that Blue Cross: treated patients of chiropractic physicians less favorably than those of medical or osteopathic physicians with respect to co-payments, authorizations for treatments, limitations on treatments, and exclusions; fraudulently represented that its healthcare insurance policies covered all medically necessary chiropractic care; and created discriminatory distinctions between chiropractic physicians and medical and osteopathic physicians. Plaintiffs asserted that they had sent letters to the Director advising her that Blue Cross was violating A.R.S. § 20–461(B) and demanding that she enforce the statute, in accordance with A.R.S. § 20–142(A) (Supp.2012), which provides that the Director shall enforce the terms of Title 20. Plaintiffs alleged that the Director refused to take steps to stop Blue Cross from engaging in what they claimed were discriminatory practices.

¶ 3 The Director filed a motion to dismiss for failure to state a claim, arguing that enforcement of A.R.S. § 20–461(B) was dis-

---

1. This action was brought against Ms. Christina Urias, who was at that time the Director of the Arizona Department of Insurance. Ms. Germaine Marks succeeded Urias as Director and, in accordance with Arizona Rule of Civil Appellate Procedure 27(c), has been substituted as the Defendant/Appellee herein.

2. Unless otherwise specified, we cite the current versions of statutes when no material revisions have been enacted since the events in question.

cretionary and not subject to the extraordinary remedy of a writ of mandamus.[3] Plaintiffs responded that, by filing a motion to dismiss, the Director had admitted the allegations of the complaint, and the Director had no discretion and a specific duty to enforce under A.R.S. § 20–142(A).

¶ 4 The trial court granted the motion to dismiss. The court found that mandamus was inapplicable because the Director had discretion to enforce the insurance laws and the statute Plaintiffs sought to enforce did "not impose upon the Director a specific action or requirement to act."

¶ 5 Plaintiffs timely appeal, and we have jurisdiction under A.R.S. § 12–2101(A)(1) (Supp.2012).

## DISCUSSION

¶ 6 In reviewing a dismissal of a complaint for failure to state a claim pursuant to Rule 12(b)(6), Arizona Rules of Civil Procedure, we accept as true the well-pled facts alleged in the complaint and affirm only if the plaintiff would not be entitled to relief under any interpretation of the facts susceptible of proof. *Fidelity Sec. Life Ins. Co. v. State*, 191 Ariz. 222, 224, ¶ 4, 954 P.2d 580, 582 (1998). We review de novo the granting of a motion to dismiss pursuant to Rule 12(b)(6). *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7, 284 P.3d 863, 866 (2012); *N. Peak Constr., LLC v. Architecture Plus, Ltd.*, 227 Ariz. 165, 167, 57 13, 254 P.3d 404, 406 (App.2011). Interpretation and application of a statute is a question of law that we also review de novo. *SFPP, L.P. v. Ariz. Dep't of Revenue*, 210 Ariz. 151, 153, ¶ 8, 108 P.3d 930, 932 (App.2005).

¶ 7 "Mandamus is an extraordinary remedy issued by a court to compel a public officer to perform an act which the law specifically imposes as a duty." *Sensing v. Harris*, 217 Ariz. 261, 263, ¶ 6, 172 P.3d 856, 858 (App.2007) (citations omitted); *see also* A.R.S. § 12–2021 (2003). Mandamus is not available unless the public officer is specifi-

cally required by law to perform the act. *Sensing*, 217 Ariz. at 263, ¶ 6, 172 P.3d at 858. It applies if the act sought to be compelled is ministerial. *Crouch v. City of Tucson*, 145 Ariz. 65, 67, 699 P.2d 1296, 1298 (App.1984). A ministerial act permits a public officer "only one course of action on an admitted state of facts." *Kahn v. Thompson*, 185 Ariz. 408, 411, 916 P.2d 1124, 1127 (App. 1995). Generally, mandamus is not available if the act of the public officer is discretionary. *Sensing*, 217 Ariz. at 263, ¶ 6, 172 P.3d at 858. In some circumstances, mandamus may be used to compel a public officer to perform a discretionary act, but not to exercise that discretion in any particular manner. *Id.* at 264, ¶ 11, 172 P.3d at 859.

¶ 8 Plaintiffs argue that Blue Cross is violating A.R.S. § 20–461(B) and that the Director has no discretion but must act to enforce the provision, in accordance with A.R.S. § 12–142(A).

¶ 9 Under A.R.S. § 20–142(A), the director "shall enforce the provisions" of Title 20, which govern insurance. Section 20–461(B) provides:

> Nothing in subsection A, paragraph 17 of this section shall be construed to prohibit the application of deductibles, coinsurance, preferred provider organization requirements, cost containment measures or quality assurance measures *if they are equally applied to all types of physicians referred to in this section,* and if any limitation or condition placed upon payment to or upon services, diagnosis or treatment by any physician covered by this section *is equally applied to all physicians referred to in subsection A, paragraph [17] of this section without discrimination* to the usual and customary procedures of any type of physician.

(Emphasis added.) Subsection A, paragraph 17 provides:

---

**3.** The Director also asserted that she had reviewed the Plaintiffs' complaints, Blue Cross's response, and Blue Cross's policies and guidelines, and that she had determined that Blue Cross did not violate A.R.S. § 20–461(B) and

therefore no enforcement action was appropriate. Because these factual assertions are not supported by affidavit or other admissible evidence, we cannot base our decision on them. See Ariz. R. Civ. P. 56(e)(1).

A person shall not commit or perform with such a frequency to indicate as a general business practice any of the following:

. . . .

17. . . . failing to pay charges for reasonable and necessary services provided by any physician licensed pursuant to title 32, chapter 8 [chiropractic], 13 [medicine and surgery], or 17 [osteopathic physicians and surgeons], if the services are within the lawful scope of practice of the physician and the insurance coverage includes diagnosis and treatment of the condition or complaint, regardless of the nomenclature used to describe the condition, complaint or service.

A.R.S. § 20–461(A)(17). The "specific intent" of § 20–461 is "to provide solely an administrative remedy to the director" for any violation of this section. A.R.S. § 20–461(D).

¶ 10 Plaintiffs argue that the "shall enforce" language of A.R.S. § 20–142(A) and the legislature's "specific intent" to provide an administrative remedy to the Director, expressed in § 20–461(D), require the Director to institute administrative action against Blue Cross for a violation of § 20–461(B). They contend that these statutes impose on the Director a specific duty to enforce the anti-discrimination statute through an administrative remedy, and therefore mandamus is appropriate to compel the Director to act. They further argue that these statutes distinguish this case from Sensing, on which the Director and the trial court relied.

¶ 11 In Sensing, a storeowner filed a complaint seeking a writ of mandamus to compel a police chief to enforce a city ordinance prohibiting persons from soliciting employment or contributions from vehicle occupants while standing in or adjacent to a street. 217 Ariz. at 262–63, ¶¶ 3–4, 172 P.3d at 857–58. The city code provided that the police chief "shall be responsible for the enforcement" of city ordinances. Id. at 263, ¶ 4, 172 P.3d at 858. After the trial court granted a motion to dismiss for failure to state a claim, the plaintiff storeowner appealed. Id. at 263, ¶ 5, 172 P.3d at 858.

¶ 12 The storeowner argued that the police chief had no discretion to refrain from enforcing the ordinance because the city code provided that the police chief "shall be responsible" for enforcing city ordinances. This court disagreed, noting that the city code did not impose a mandatory "duty to act under a clearly defined set of circumstances" and finding that the language imposed a "general duty to enforce the Ordinance" but left the police chief "with discretion to choose what, if any, enforcement actions will be taken." Id. at 264, ¶ 8, 172 P.3d at 859. This court also found that the police chief had discretion to not enforce the ordinance, whether based on a lack of resources, conflicting priorities, or "concerns about the legality or wisdom of enforcing the Ordinance," and that mandamus could not be used to compel the police chief to act. Id. at 265, ¶ 12, 172 P.3d at 860.

¶ 13 Plaintiffs argue that the statutory language under consideration in Sensing was weak and nonspecific, while the "shall enforce" language of A.R.S. § 20–142(A) is strong and specific. We do not, however, find any meaningful difference in the language that would require a different result.

¶ 14 Although "shall" usually indicates a mandatory directive, that is not always the case. Ariz. Libertarian Party v. Schmeral, 200 Ariz. 486, 490, ¶ 10, 28 P.3d 948, 952 (App.2001) (acknowledging that " 'shall' may be interpreted as indicating desirability, preference, or permission, rather than mandatory direction if the context and purpose of the legislation indicate that the term should be so construed") (internal citations omitted). Here, § 20–142(A) imposes a general duty, stating the "director shall enforce the provisions" of Title 20 (the Arizona Insurance Code). Section 20–142(A) does not specify how or under what circumstances any of the statutes, including § 20–461(B), are to be enforced, nor does it identify any particular act that the Director must take with respect to any of the statutes. In addition, the enforcement requirement does not alter the discretionary nature of the duty imposed. The obligation to enforce these statutes necessarily requires the Director to interpret the statutes involved, to assess the circum-

stances and facts surrounding alleged violations, to determine whether a violation warranting action has in fact occurred, and, if so, to determine what form of enforcement, if any, would be appropriate. *See Kahn,* 185 Ariz. at 411, 916 P.2d at 1127 (department charged with enforcing ordinance entitled to exercise judgment and discretion in determining the scope of the ordinance). We conclude that the act Plaintiffs seek to compel—enforcement of § 20–461(B)—is discretionary rather than ministerial.

¶ 15 Plaintiffs suggest that the provision in A.R.S. § 20–461(D) of "solely an administrative remedy to the director" supports their position that the Director has no discretion and must enforce § 20–461(B) as they request, because it tells the Director the action to take. When read in context, however, the statute clarifies that no private right of action is available and that the only remedy is an administrative action through the Director. This language does nothing to diminish the Director's discretion. To the contrary, the language supports the view that, in creating an administrative remedy solely in the control of the Director, the legislature emphasized that the Director was entrusted with the responsibility for determining the existence of any violations and for implementing any remedy.

¶ 16 The enforcement of regulated activities is recognized as being similar to law enforcement and therefore not subject to mandamus. *See Wesley v. State,* 117 Ariz. 261, 263, 571 P.2d 1057, 1059 (App.1977) (recognizing State Liquor Department's duty to enforce liquor laws and regulations is not unlike Sheriff's duty to enforce traffic laws). Even if a violation is determined to exist, the Director may decide enforcement is not appropriate or warranted for any number of reasons, including lack of resources, enforcement priorities, or other circumstances surrounding the particular case. *See Sensing,* 217 Ariz. at 265, ¶ 12, 172 P.3d at 860 (wheth-

er to enforce is discretionary based on various factors).

■ ¶ 17 Plaintiffs also contend that the Director's refusal to do anything in response to their complaints was an abuse of discretion. *Sensing* also addressed this issue and specifically noted it had found no authority that a public officer abused discretion for mandamus purposes by failing to enforce a law. 217 Ariz. at 265, ¶ 14, 172 P.3d at 860. Plaintiffs have not persuaded us that a different determination is warranted here.[4]

## CONCLUSION

¶ 18 The Director has discretion in the enforcement of A.R.S. § 20–461(B). Mandamus relief is not appropriate. The trial court's judgment is affirmed.

CONCURRING: PETER B. SWANN and ANDREW W. GOULD, Judges.

---

**4.** The Director also argues that a writ of mandamus was inappropriate because the exercise of discretion to enforce A.R.S. § 20–461(B) presents a political question. Plaintiffs argue that the political question doctrine is not applicable because the Director has no discretion and must

initiate an administrative remedy against Blue Cross. Because we find the Director has discretion to enforce the applicable statute, it is unnecessary to address the political question issue raised.