NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JACOB KOST, a married man, *Plaintiff/Appellant*,

*v.*

ARIZONA REGISTRAR OF CONTRACTORS, an agency of the state of
Arizona; WILLIAM MUNDELL, State Registrar of Contractors,
*Defendants/Appellees*.

No. 1 CA-CV 13-0397
FILED 5-6-2014

Appeal from the Superior Court in Maricopa County
Nos.  CV2013-000021, LC2012-000592-001 (Consolidated)
The Honorable Dean M. Fink, Judge

**AFFIRMED**

COUNSEL

Gust Rosenfeld P.L.C., Phoenix
By Craig L. Keller
*Counsel for Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Michael D. Raine
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Patricia A. Orozco and Judge Kenton D. Jones joined.

---

**W I N T H R O P,** Judge:

¶1         Plaintiff/Appellant, Jacob Kost, appeals the superior court's judgment dismissing his complaint seeking mandamus relief against the Arizona Registrar of Contractors and William Mundell, the State Registrar of Contractors (collectively, "the ROC"). Kost raises several arguments asserting the superior court erred in dismissing his complaint. For the following reasons, we affirm the entry of judgment in favor of the ROC.

### FACTS AND PROCEDURAL HISTORY

¶2         In August 2008, the ROC issued a dual contractor's license[1] to Thinker Development, Inc. ("Thinker"), a company primarily engaged in the business of roof repair. In December 2010, Kost became Thinker's qualifying party.[2]

¶3         Kost eventually sought to disassociate from Thinker's contractor's license, purportedly due to concerns about Thinker's business practices. On July 26, 2011, Kost submitted a "Notice of Disassociation/Resignation" form to the ROC for this purpose. Ten days later, on August 5, 2011, the ROC rejected the form as submitted, apparently because Thinker's articles of incorporation filed with the

---

[1]      In general, a "dual licensed contractor" is a person or organization licensed to undertake both commercial and residential contracting. *See* Ariz. Rev. Stat. ("A.R.S.") § 32-1101(A)(4) (West 2014). We cite the current version of the applicable statutes throughout this decision unless revisions material to our analysis have occurred since the relevant date.

[2]      The term "qualifying party" is synonymous with the term "responsible managing employee," and means "an employee who is regularly employed by the licensee and is actively engaged in the classification of work for which such responsible managing employee qualifies in behalf of the licensee." A.R.S. § 32-1127.

Arizona Corporation Commission listed Kost as an officer, and an amendment to those articles of incorporation was required to complete the disassociation.[3] Although not cited by the ROC as an additional basis for rejecting the form, Kost also had checked three boxes on the form that, together, gave the ROC inconsistent instructions regarding the processing of Kost's form.[4]

¶4         An amendment to Thinker's articles of incorporation removing Kost as an officer was filed on October 27, 2011. Kost, however, remained on Thinker's license as a qualifying party. On January 20, 2012, the ROC revoked Thinker's license, ostensibly due to the lack of a surety bond. At some point, Kost became aware multiple persons had filed complaints with the ROC against Thinker, alleging Thinker had failed to perform work for which it had been paid.[5]

¶5         On October 26, 2012, Kost filed a "Verified Special Action Complaint" and an "Application for Order to Show Cause Re: Writ of Mandamus" ("OSC") against the ROC. The complaint sought "a writ of mandamus requiring the ROC to retro-actively disassociate Kost from Thinker's license as of July 26, 2011." The OSC sought the additional relief, not requested in the complaint, of a writ compelling the ROC to "immediately initiate a fraud investigation against those involved in Thinker's fraudulent actions."

---

[3]       The ROC's letter included a checked box, which indicated Kost's Notice of Disassociation had been rejected for the following reason: "Parties requesting to be removed from a license must provide proof that they are no longer listed with the AZ Corporation Commission. The stamped amendment that was supplied to ACC will be proof enough. **Re: Jacob Kost.**"

[4]       The Notice of Disassociation form provided to the public was revised in December 2012. The new form specifically instructs the person completing the form that amended articles of incorporation or other documentation "should be provided" with the form. Additionally, rather than three boxes with mutually exclusive instructions available for a person to check, the form now has only two boxes, with options that are not mutually exclusive.

[5]       Ultimately, twenty-seven complaints against Thinker resulted in discipline being imposed after an administrative hearing or default due to violations of state contracting law.

**¶6**        On November 30, 2012, the ROC removed Kost as the qualifying party and filed a motion to dismiss Kost's complaint for failure to state a claim upon which relief might be granted.  *See* Ariz. R. Civ. P. 12(b)(6).  Following briefing and oral argument, the court granted the motion, concluding that mandamus could not lie for either of Kost's requests – retroactive disassociation from Thinker's license or Kost's request for a fraud investigation.[6]

**¶7**        On March 12, 2013, the superior court issued its judgment dismissing Kost's mandamus action.  Kost filed a motion for new trial, which the superior court denied.

**¶8**        On May 23, 2013, Kost filed a timely notice of appeal, and we have jurisdiction pursuant to A.R.S. § 12-2101(A)(1) and (5)(a).

## ANALYSIS

### I.      *Standard of Review*

**¶9**        The ROC attached to its motion to dismiss a portion of an exhibit not included in Kost's complaint or OSC, and Kost similarly attached an additional exhibit to his response to the motion to dismiss.  In general, when matters outside the pleadings are presented to and not excluded by the superior court, the court should construe a motion to dismiss as a motion for summary judgment.  *See* Ariz. R. Civ. P. 12(b); *Frey v. Stoneman*, 150 Ariz. 106, 108-09, 722 P.2d 274, 276-77 (1986).  In this case, however, the additional documents were public records regarding matters referenced in the complaint.  Consequently, the superior court did not err in continuing to treat the ROC's motion as a motion to dismiss.  *See Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 9, 284 P.3d 863, 867 (2012) ("A complaint's exhibits, or public records regarding matters referenced in a complaint, are not 'outside the pleading,' and courts may consider such documents without converting a Rule 12(b)(6) motion into a summary judgment motion."(citation omitted)).

**¶10**        In deciding a motion to dismiss for failure to state a claim, a court must determine whether the complaint, construed in the light most

---

[6]      On appeal, Kost raises no argument regarding his request for a writ compelling the ROC to initiate a fraud investigation.  He has therefore abandoned this issue on appeal.  *See City of Tucson v. Clear Channel Outdoor, Inc.*, 218 Ariz. 172, 193 n.10, ¶ 80, 181 P.3d 219, 240 n.10 (App. 2008) (recognizing that issues not raised in an opening brief are waived).

favorable to the plaintiff, adequately sets forth a valid claim. *Aldabbagh v. Ariz. Dep't of Liquor Licenses & Control*, 162 Ariz. 415, 417-18, 783 P.2d 1207, 1209-10 (App. 1989). In our review of the dismissal of a complaint for failure to state a claim, we take as admitted the well-pled material allegations of the complaint, but not unwarranted deductions of fact or conclusions of law. *Id*. at 417, 783 P.2d at 1209. We review *de novo* questions of law decided by the superior court, including the court's decision to grant the motion to dismiss pursuant to Rule 12(b)(6). *Id*. at 418, 783 P.2d at 1210; *Blankenbaker v. Marks*, 231 Ariz. 575, 577, ¶ 6, 299 P.3d 747, 749 (App. 2013). We will affirm the superior court's ruling if the result was legally correct for any reason. *See State v. Perez*, 141 Ariz. 459, 464, 687 P.2d 1214, 1219 (1984).

> II.     *Kost's Lack of Entitlement to Mandamus Relief*

**¶11**     Kost argues the superior court erred in dismissing his mandamus action because the ROC abused its discretion in rejecting his Notice of Disassociation form. We conclude that the superior court did not err in dismissing Kost's mandamus action.

**¶12**     Mandamus is an extraordinary remedy issued by a court that compels a public officer to perform an act the law specifically imposes as a duty. *Blankenbaker*, 231 Ariz. at 577, ¶ 7, 299 P.3d at 749 (citations omitted). If the act of the public officer is discretionary, mandamus is not available. *Id*.; *accord Sears v. Hull*, 192 Ariz. 65, 68, ¶ 11, 961 P.2d 1013, 1016 (1998) ("Mandamus 'does not lie if the public officer is not specifically required by law to perform the act.'" (citation omitted)). "Thus, the requested relief in a mandamus action must be the performance of an act and such act must be non-discretionary." *Sears*, 192 Ariz. at 68, ¶ 11, 961 P.2d at 1016. Mandamus applies if the act sought to be compelled is ministerial. *Blankenbaker*, 231 Ariz. at 577, ¶ 7, 299 P.3d at 749. "A ministerial act permits a public officer 'only one course of action on an admitted state of facts.'" *Id*. (citation omitted).

**¶13**     In this case, the superior court found that Kost could not maintain his mandamus action, in part because he could not show the ROC had a non-discretionary duty to disassociate him from Thinker's license as of July 26, 2011:

> Attached to both the Complaint and the Application as exhibit B is a copy of the Notice of Disassociation/ Resignation turned in by Mr. Kost. Contrary to his assertion that he filled out the Notice correctly, the document on its

face gives contradictory instructions: disassociate as qualifying party ONLY (capitals in original), resign as corporate officer/member/partner ONLY, and disassociate as qualifying party AND resign as corporate officer/member/partner. To simplify slightly, Mr. Kost instructed the ROC to simultaneously do A and do not do B, do B and do not do A, and do both A and B. This is obviously an impossibility, and the Court cannot order it to be done any more than it could order the ROC to square the circle. By the time [Kost's original counsel] clarified Mr. Kost's intention in February 2012, Thinker's license had already been revoked, making the issue moot. Mr. Kost does not allege that he clarified his intention before that, or even that he checked Thinker's record to make sure his name had been removed. Under the circumstances, the Court cannot find that the ROC had a duty to remove Mr. Kost's name from Thinker's license at any time before that license was revoked. Mandamus does not lie.

**¶14**     We agree with the reasoning of the superior court. Even assuming the ROC had a non-discretionary duty to act had Kost submitted a properly completed form, *see generally* A.R.S. § 32-1104(A), Kost's failure to submit such a form or timely correct the error is fatal to his mandamus action.[7]

**¶15**     Kost maintains he "totally complied with all of the ROC's requirements." He is incorrect, however, because his Notice of Disassociation form was, at best, ambiguous, and at worst, contradictory,

---

[7]     As the ROC notes, Kost has failed to cite any relevant legal authority imposing a duty on the ROC to independently determine he was disassociated from Thinker's license, and we find none. Although Kost notes that, under A.R.S. § 32-1167(A), a qualifying party is required to notify the ROC within fifteen days of disassociation from a licensee, this section only imposes a duty on the qualifying party (and licensee), and does not specifically impose a duty on the ROC. Further, although A.R.S. § 32-1104(A)(2) imposes a ministerial duty on the ROC to maintain licensing records, that statute does not require the ROC to disassociate a qualifying party from a license without proper instructions. Accordingly, mandamus was unavailable and the ROC retained discretion to decide whether to accept Kost's defective Notice of Disassociation form. *See Blankenbaker*, 231 Ariz. at 577, ¶ 7, 299 P.3d at 749.

and thus defective on its face. Although the form states the effective date of disassociation is the date the "form is received," the ROC did not have a duty to accept Kost's Notice of Disassociation because it simultaneously asked the ROC to take three mutually exclusive courses of action. As the superior court recognized, the form permitted Kost to be removed as a qualifying party "only," as a member of the licensed entity "only," or as both a qualifying party and a member of the entity, and Kost checked all three options, rendering his notice defective. The ROC had the option of accepting or rejecting the form as submitted, and it chose the latter option. Mandamus will not lie when a public official has discretion over whether or how to act; instead, it applies to ministerial acts that permit only one course of action. *See Blankenbaker*, 231 Ariz. at 577, ¶ 7, 299 P.3d at 749.

¶16        Relying on *Aesthetic Property Maintenance, Inc. v. Capitol Indemnity Corp.*, 183 Ariz. 74, 900 P.2d 1210 (1995), Kost argues that, even if he did not fully comply with the ROC's requirements for disassociation, the ROC was obligated to disassociate him from Thinker's license because he "substantially complied." In *Aesthetic Property Maintenance*, our supreme court found that substantial compliance with A.R.S. § 32-1152, which prevents a contractor from recovering for unpaid work if the contractor was unlicensed at the time the work was performed, could be adequate if certain requirements designed to protect the public are nonetheless met. *Id*. at 78, 900 P.2d at 1214.

¶17        Kost, however, offers no support for the position that substantial, but less than full, procedural compliance strips a public official of discretion to accept or reject a defective form containing internally inconsistent instructions. Consequently, even assuming *arguendo* the ROC knew or should have known what Kost meant when he submitted the defective form, the ROC had discretion as to how to handle that form. Thus, whether Kost substantially complied is irrelevant because there remained no duty for the ROC to disassociate Kost or to make his disassociation retroactive. *Cf. Adams v. Bolin*, 77 Ariz. 316, 322-23, 271 P.2d 472, 476 (1954) (finding mandamus unavailable to require a state officer to accept and hold prematurely submitted nomination papers in an election case). Kost was not entitled to madamus relief because the ROC did not have a non-discretionary duty to retroactively disassociate Kost from Thinker's license.

### III. The Superior Court's Factual Findings

**¶18** Kost argues the superior court erred by finding he filled out the Notice of Disassociation form incorrectly. More specifically, he maintains that, because the superior court was required to treat all factual allegations in the complaint as true, *see McDonald v. City of Prescott*, 197 Ariz. 566, 567, ¶ 5, 5 P.3d 900, 901 (App. 2000), the court was required to presume he had properly completed the Notice of Disassociation form and was precluded from considering the inconsistencies in the completed form. We disagree.

**¶19** Because Kost attached the Notice of Disassociation as Exhibit B to his complaint, the court properly considered it in ruling on the motion to dismiss. *See Coleman*, 230 Ariz. at 356, ¶ 9, 284 P.3d at 867. The complaint did not specifically allege that Kost properly filled out the Notice of Disassociation, but even if it had, the superior court was not bound to accept such a legal conclusion. *See, e.g., Grand v. Nacchio*, 225 Ariz. 171, 175 n.1, ¶ 20, 236 P.3d 398, 402 n.1 (2010); *see also Aldabbagh*, 162 Ariz. at 417, 783 P.2d at 1209 (recognizing that a court need not accept unwarranted deductions of fact or conclusions of law).

**¶20** Kost further argues the superior court was precluded from considering that he improperly completed the Notice of Disassociation form because neither he nor the ROC raised the issue before the court. The record belies his argument. The ROC's motion to dismiss and its reply in support of that motion both identified Kost's mistake of selecting multiple, conflicting boxes regarding the nature of the disassociation on the form. Additionally, in denying Kost's motion for new trial, the superior court addressed this argument by noting that "the Court very plainly remembers the incorrectness argument being raised by the Registrar."[8] Moreover, because the Notice of Disassociation was attached to the complaint, the superior court was not required to ignore that it was defective on its face. The superior court appropriately considered

---

[8] Kost has not provided this court with a transcript of the oral argument on the motion to dismiss. As the appellant, Kost had the burden to provide this court with all transcripts or other documents necessary to the resolution of this appeal. *See* ARCAP 11(b)(1). Because he did not do so, we assume the transcript supports the superior court's findings and conclusions. *See Baker v. Baker*, 183 Ariz. 70, 73, 900 P.2d 764, 767 (App. 1995).

whether Kost properly completed the form and reached the correct conclusion that he did not.[9]

### IV. The Superior Court's "Legal Conclusion"

**¶21**        Kost also argues that the superior court "erred in making improper legal conclusions regarding Kost's personal liability." We find no error.

**¶22**        Kost alleged he faces personal liability for Thinker's fraudulent actions because he was named on Thinker's license at the time Thinker's employees defrauded customers. In granting the motion to dismiss, the superior court concluded as follows:

> That Mr. Kost faces liability for Thinker's allegedly fraudulent actions because he was named on ROC records is a legal conclusion, and not necessarily a valid one: he does not argue that ROC records are conclusive proof of what they purport to evidence, either positively (Kost is liable because he is named on them, even if mistakenly) or negatively (if Kost is not named on them, he is not liable).

**¶23**        Kost argues the court's conclusion was error because, under A.R.S. § 32-1139(B), he is "personally liable to repay the recovery fund or his other [contracting] license will be suspended." Section 32-1139(B) provides as follows:

> If any amount is paid from the fund in settlement of a claim arising from the act, representation, transaction or conduct of a residential contractor, the license of the contractor shall be automatically suspended by operation of law until the amount paid from the fund is repaid in full, plus interest at the rate of ten per cent a year. Any person who is or was, at the time of the act or omission, named on a license that has been suspended because of a payment from the

---

[9]        Kost also notes the ROC attached to its motion to dismiss an amendment to Thinker's articles of incorporation listing Kost as an officer and purportedly signed by Kost, which Kost maintained was a "forgery." He maintains the superior court erred in dismissing his complaint because a factual dispute exists regarding whether he knew he was listed as a corporate officer. Kost fails to demonstrate, however, that the factual dispute is material to our consideration of the motion to dismiss.

recovery fund is not eligible to receive a new license or retain another existing license that also shall be suspended by operation of law, nor shall any suspended license be reactivated, until the amount paid from the fund is repaid as provided in this subsection.

¶24 Kost's complaint included allegations that Thinker was the subject of various "fully adjudicated" complaints, but it lacked allegations that the recovery fund had made any payments or, for that matter, that there were any pending applications. On appeal, however, Kost notes in his reply brief that recovery fund payments have now been made in the amount of $51,678.84 against Thinker's license, and the ROC has filed a Notice of Supplemental Facts acknowledging that it has indeed made payments from the recovery fund related to the license of Thinker since Kost filed his notice of appeal. The ROC assertedly has not, however, taken any adverse action against Kost related to these payments, and the record does not indicate whether Thinker and/or others associated with Thinker have since repaid the fund or made arrangements to do so. Consequently, for this reason as well as the reasoning of the superior court, the superior court did not err in concluding Kost's potential liability is speculative at this point.[10]

---

[10] The ROC argues on appeal that mandamus is unavailable to Kost because, even if he is harmed by an ROC decision to take adverse action against him and can demonstrate his legal rights were affected by the ROC's decisions to reject his Notice of Disassociation and not give it retroactive application, he will have adequate remedies at law through an administrative hearing and judicial review process. *See, e.g.*, A.A.C. R4-9-120 (providing for rehearing or review of an ROC decision). Neither the ROC nor Kost previously raised an argument regarding administrative remedies, and we express no opinion as to the availability and propriety of such remedies. Nevertheless, we note that, at oral argument, counsel for the ROC stated that Kost may still be entitled to a remedy under a cause of action other than mandamus. Specifically, counsel affirmed that, if the ROC "goes after" Kost, Kost would have the right to an administrative review hearing and the issue as to when Kost disassociated would be "subject to dispute" at such a hearing. Counsel for the ROC also "presume[d]" that Kost could affirmatively raise the issues he had raised in his mandamus action in a declaratory judgment action.

### V.    Mootness

¶25        In its motion to dismiss, the ROC argued that Kost's request to compel the ROC to initiate a fraud investigation against Thinker was moot because Thinker's license had already been revoked.  In his response to the motion to dismiss, Kost expanded the argument to include whether his request for retroactive disassociation was moot.  In issuing its ruling granting the ROC's motion to dismiss, the superior court did not address the issue of mootness with regard to Kost's request for a fraud investigation, but with respect to Kost's request for retroactive disassociation, the court stated, "By the time [Kost's original counsel] clarified Mr. Kost's intention in February 2012, Thinker's license had already been revoked, making the issue moot."

¶26        On appeal, Kost challenges the superior court's ruling.  We conclude that, when viewed in the context of the superior court's overall reasoning, the court's ruling was not error.

¶27        The court's ruling rests upon its previous reasoning that the ROC properly rejected Kost's form because it was incorrectly filled out, as well as on the fact that the ROC had revoked Thinker's license on January 20, 2012, for failure to maintain a surety bond.  Consequently, by the time Kost's counsel clarified Kost's intentions in February 2012, Thinker had no license.  Because recovery fund claims can only be made for work by a licensed contractor, *see* A.R.S. § 32-1132(A), the possibility of further liability on the part of Kost terminated on January 20, 2012, when Thinker's license was revoked, and no recovery fund claims could arise between this date and the February 2012 clarification by Kost's counsel.  Kost's argument that the issue is not moot relies upon his assumption that the ROC had a duty to accept Kost's defective form or to retroactively disassociate him once the matter was clarified - an assumption we have already rejected.

### VI.    Attorneys' Fees

¶28        Kost requests attorneys' fees on appeal pursuant to A.R.S. § 12-2030.  Kost is not the prevailing party, and his request is denied.  We award the ROC its reasonable costs, to be determined upon its compliance with Rule 21, ARCAP.

11

**CONCLUSION**

**¶29** The superior court's judgment dismissing Kost's mandamus action is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: MJT