NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

CHARLES TYRONE GRIMES, *Plaintiff/Appellant*,

*v.*

KATHLEEN H. MEAD, *Defendant/Appellee*.

No. 1 CA-CV 23-0110
FILED 3-19-2024

Appeal from the Superior Court in Maricopa County
No. CV2022-007977
The Honorable M. Scott McCoy, Judge

**AFFIRMED**

COUNSEL

Charles Tyrone Grimes, Eloy
*Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Stephanie Elliott, Daniel P. Schaack
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Michael J. Brown joined.

---

**C A M P B E L L**, Judge:

¶1 Charles Grimes appeals the dismissal of his lawsuit against former Maricopa County Superior Court Judge Kathleen Mead. While his appeal lists multiple defendants-appellees, they were not named parties in his complaint, and this Court has found Judge Mead to be the only defendant-appellee. For the following reasons, we affirm.

**BACKGROUND**

¶2 In June 2022, Grimes filed this case against Judge Mead, who presided over his 2017 criminal case. *See State v. Grimes*, 1 CA-CR 19-0322, 2020 WL 2500617 (Ariz. App. May 14, 2020) (mem. decision). His complaint contained disjointed ramblings of securities fraud, bonds, contracts, and corporations. The complaint made no allegations against Judge Mead—rather, he broadly asserted a "demand for recall of outstanding bonds" and his release from prison. He referred to himself as a plaintiff "corporation" and a "co-claimant" seeking 50 million dollars.

¶3 In November 2022, the Arizona Attorney General's Office, representing Judge Mead, moved to dismiss Grimes' complaint with prejudice. The superior court granted the motion in a December 16 minute entry based on judicial immunity and because it was a "nonsensical complaint." The dismissal became a final judgment on January 31, 2023. Grimes timely filed his notice of appeal.

**DISCUSSION**

¶4 While Grimes' claims are unclear, we address their merits to the best of our ability. We review orders granting a motion to dismiss de novo. *Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 8 (2012). "[W]e accept as true the well-pled facts alleged in the complaint and affirm only if the plaintiff would not be entitled to relief under any interpretation of the facts susceptible of proof." *Blankenbaker v. Marks*, 231 Ariz. 575, 577, ¶ 6 (App. 2013).

**¶5**         Grimes' complaint was devoid of any well-pled facts. *See* Ariz. R. Civ. P. 11(b); *Swift Transp. Co. of Ariz. v. Ariz. Dep't of Revenue*, 249 Ariz. 382, 385, ¶ 14 (App. 2020). It appears Grimes believes his social security number was used fraudulently, but he does not explain how, nor does he link Judge Mead to this accusation. The complaint contains allegations that are conclusory statements with no factual support. As an example, he alleged that he is a "contracting officer" for a "bond escrow account" with ties to Cook County, Illinois, and that "the court sold bonds and/or securities" bearing his name. The superior court properly found the complaint to be nonsensical.

**¶6**         Even had Grimes' complaint made sense, he fails to address the other grounds for dismissal—judicial immunity—on appeal. Instead, he merely re-states the allegations in his complaint. We therefore find his arguments waived for failure to comply with ARCAP 13's opening brief requirements. *See* ARCAP 13(a)(4)-(7); *Ramos v. Nichols*, 252 Ariz. 519, 522, ¶ 9 (App. 2022).

**¶7**         We also agree with the court's dismissal based on judicial immunity. The record shows Grimes' only relation to Judge Mead was that she presided over his criminal case. As such, any harm he claims resulted from her actions as judge cannot be grounds for a civil lawsuit against her. *See Acevedo v. Pima Cnty. Adult Prob. Dep't*, 142 Ariz. 319, 321 (1984).

## CONCLUSION

**¶8**         We affirm the court's dismissal.



AMY M. WOOD • Clerk of the Court
FILED:    AA